J. W. (Bill) Reeder, Plaintiff-in-Error,

*v.*

D. E. (Gene) Holt, Defendant-in-Error.

418 S.W.2d 249.

(*Nashville,* December Term, 1966.)

Opinion filed August 9, 1967.

Roberts & Roberts, Livingston, and John E. Appman, Jamestown, for plaintiff in error.

Millard V. Oakley, Livingston, for defendant in error.

Mr. Justice Chattin delivered the opinion of the Court.

This is an election contest. Plaintiff-in-error, J. W. Reeder, filed a petition against D. E. Holt seeking to contest the election of Holt to the office of Tax Assessor for Fentress County in the General Election of August 6, 1964.

Ray Franklin, Holt and Reeder were candidates for the office. The Election Commission certified Franklin had received 177 votes, Holt 1888 and Reeder 1881. A certificate of election was issued to Holt.

We will refer to the parties as they appeared in the trial court: that is, contestant and contestee, respectively.

Contestant alleged the names of the candidates appeared on the ballot in alphabetical order with a square or block printed opposite each name. A blank space was left immediately below contestant's name with a square printed opposite it.

It was alleged the officers and judges at certain voting precincts mistakenly and erroneously failed to count in excess of 90 ballots which should have been counted for contestant.

Specifically, it was alleged the judges mistakenly did not count the ballots where the voters marked their ballots in the square opposite the blank space below contestant's name.

Thus, the insistence was a voter marking the square opposite the blank space below contestant's name without writing a name of a candidate in the blank space intended to vote for contestant and the ballot should have been counted.

By his answer, contestee denied the officers and judges of the election at the various voting precincts had mistakenly or erroneously failed to count any ballots that were cast for contestant.

The trial judge heard the matter on oral testimony and a stipulation of facts.

We quote the pertinent parts of the stipulation:

"That on August 6, 1964, a duly called general county election was held in all the voting precincts of Fentress County, Tennessee, for the purpose of electing a Tax Assessor for Fentress County, Tennessee, and other officials.

"That according to the election returns, as certified by the election officials, J. W. (Bill) Reeder, petitioner —contestant, was defeated for the office of Tax Assessor by D. E. (Gene) Holt, defendant—contestee, by seven (7) votes.

"That the ballots used therein had three (3) candidates for tax assessor and four (4) boxes in which the voter was to indicate his choice, thusly:

Ray Franklin ☐
D. E. (Gene) Holt ☐
J. W. (Bill) Reeder ☐
☐

"The parties further agree that in the event the Court should hold that those ballots on which the voter placed an "X" in the bottom block without inserting therein the name of 'Write-In-candidate,' should be counted for the petitioner—contestant, J. W. (Bill) Reeder; then in that event the petitioner—contestant, J. W. (Bill) Reeder, should prevail in this action and be declared the successful candidate in said election, and in the event the Court should hold that said ballots should not be counted, then in that event the defendant—contestee, D. E. (Gene) Holt, should prevail in this action and should be declared the successful candidate in said election."

F. D. Wright, a member of the County Election Commission, testified he had been a member of the Commission for twelve to fourteen years and the form of the ballots used in the election had not been used prior thereto.

Several witnesses for contestant testified the form of the ballot was confusing while several witnesses for the contestee testified to the contrary.

Mrs. Elsie Duncan, a judge at the Hinds Chapel precinct, testified there were eight or ten ballots marked in the fourth or bottom square opposite the blank space. She stated she thought these ballots were intended for contestant but were not counted.

Dennis Huff, a judge at the Pall Mall precinct, testified seven or eight ballots were marked in the bottom square opposite the blank space. He further stated he thought these ballots were intended for contestant but were not counted.

The trial judge dismissed the petition.

Contestant filed a motion for a new trial which was overruled. He has perfected an appeal to this Court and has assigned as error the following:

"The court was in error in not counting for the petitioner those votes marked in the bottom block at the Pall Mall (Wolf River) precinct and at the Hinds Chapel precinct since the evidence was clear and uncontradicted that the election officials had determined that the voters so marking their ballots had intended to vote for the petitioner and mistakenly did not count the same for him."

We think this assignment is without merit and overrule it.

Only one judge in each precinct testified. While it is true, both testified they thought the voters who marked the square opposite the blank space intended to vote for contestant, the fact remains there were three judges at each precinct and the votes were not counted. Why the votes were not counted and why the other two judges in each precinct were not called to testify does not appear in this record. Thus, there is no proof in the record the election officials determined the ballots were intended for contestant and mistakenly failed to count them.

However, as we have seen by the stipulation, the contestant and contestee agreed that in the event the trial court found the ballots marked in the square opposite the blank space should have been counted for contestant;

then, in that event, the contestant should prevail and be declared the successful candidate.

The question for our determination is whether as a matter of law the ballots marked opposite the blank space should have been counted for contestant.

T.C.A. Section 2-1220 provides:

"The voter shall then go to one of the voting shelves, tables, or compartments, and shall prepare his ballot by marking in the appropriate margin or place a cross (x) opposite the name of the candidate of his choice for each office to be filled, or by filling in the name of the candidate of his choice in the blank space provided therefor, and marking a cross (x) opposite thereto, and likewise a cross opposite the answer he desires to give in case of a constitutional amendment or other proposition."

T.C.A. Section 2-1227 provides:

"If the voter marks more names than there are persons to be elected to an office, or if for any reason it is impossible to determine the voter's choice for any office to be filled, his ballot shall not be counted for such office. But this shall not vitiate the ballot so far as properly marked. No ballot without the official indorsement of the chairman of the board of commissioners shall be deposited, and none but ballots provided in accordance with the provisions of this chapter shall be counted."

T.C.A. Section 2-1220 sets forth the manner in which a voter shall designate his choice of a candidate. The designation suggested or selected by the legislature is the cross (x) opposite the name of the candidate in the appropriate margin or place, or "by filling in the name

of the candidate of his choice in the blank space provided therefor, and marking a cross (x) opposite thereto." T.C.A. Section 2-1227 clearly states, "If for any reason it is impossible to determine the voter's choice for any office to be filled, his ballot shall not be counted for such office."

In construing these Code Sections, this Court, in the case of *Menees v. Ewing*, 141 Tenn. 399, 210 S.W. 648 (1918), said:

"The Legislature designated the cross (X) as the proper way to designate the candidate for whom the voter was voting, but it did not intend by this designation to deprive a voter of his vote if he had so marked his ballot that his intention was made clear and obvious to the officers of election. We think this is shown by the two sections of the act set forth in this opinion. To deprive a voter of his vote when he makes his choice clear and obvious is such an act of apparent injustice that the intention to do so will not be ascribed to the Legislature, unless the language employed by it in reference to the matter is plain and unambiguous. It cannot be assumed that the Legislature intended to deprive a voter of his choice merely upon the form of the mark employed to designate the candidate voted for. This all assumes what is not denied in this case, that the voter employed a method of designating the candidate for whom he intended to vote, which was clear."

In the instant case it is denied the voters, by making a cross in the bottom square opposite the blank space and beneath contestant's name, employed a method of designating the candidate for whom they intended to vote, which was clear.

The ballots sought to be counted for contestant were not prepared by a mark in the appropriate margin or place opposite his name as provided by the statute. To the contrary, the ballots sought to be counted were marked in the appropriate margin or place opposite the blank space provided for the name of a candidate to be written in.

It is insisted in behalf of contestant these ballots were clearly intended for the candidate whose name was nearest the cross or mark.

We cannot agree to this theory these ballots should be counted for contestant.

Evidently, it was not clear to the officers of the election because such votes were not counted.

■ ■ The question of whether these ballots should have been counted by the judges of the election at the two precincts is a question to be determined from what appears on the face of each ballot, and not on evidence aliunde. If a voter makes his choice clear and obvious, his vote should be counted. But, if it is impossible to determine the voter's choice for any office from the face of the ballot, then his vote shall not be counted. *Menees v. Ewing,* supra; T.C.A. Section 2-1227.

■ The ballots sought to be counted were not impounded for inspection by the trial judge. The judges of the election saw the ballots and from an inspection thereof determined they should not be counted. It may have been the judges found the ballots were marked properly for the various candidates for other offices appearing on the ballot and determined the voters of such ballots did not intend to vote for any candidate for the office of tax assessor. For some reason, which does not appear in

this record, the judges did not count the ballots. The presumption is they knew the law and acted accordingly. *State ex rel. Robinson v. Hutcheson*, 180 Tenn. 46, 171 S.W.2d 282 (1943).

█ It would be pure conjecture on our part to hold these ballots should have been counted for contestant. It is just as reasonable to infer these voters intended to vote for neither of the three candidates for tax assessor or inadvertently omitted to write in the name of a candidate of their choice, as it is to infer they intended to vote for contestant because his name appeared next above the blank space. To hold the judges of the election should have counted the ballots under the facts and circumstances of this case would, we think, make the result of the election turn on judicial speculation and surmise.

Moreover, if ballots marked opposite a blank space provided for writing in the name of a candidate are to be counted for the candidate whose name appears immediately above the blank space, then, that candidate would have an advantage over the other candidates for the office whose names appeared above such candidate's name.

We find the majority rule prevailing in our sister states, having statute similar to ours, to be a ballot cannot be counted where the cross mark appears in the square opposite a blank space. See 29 C.J.S. Elections. sec. 177, page 504; 18 Am.Jur., Elections, Section 186, page 304, 20 Ann.Cas. 673 and cases there cited.

It results the judgment of the trial court is affirmed. Contestant will pay the costs.

BURNETT, CHIEF JUSTICE, and DYER, CRESON and HUMPHREYS, JUSTICES, concur.