**AETNA CASUALTY AND SURETY COMPANY, Appellant,**

v.

**Mary Katherine MILLER, Appellee.**

Supreme Court of Tennessee.

Feb. 5, 1973.

**86**

John C. Robertson, Memphis, for appellant.

George L. Morrison, Jackson, for appellee.

## OPINION

HUMPHREYS, Justice.

This is a Workmen's Compensation case in which Mary Katherine Miller was awarded temporary total benefits for an indefinite time. From this award, after a petition for rehearing or new trial had been overruled, Aetna Casualty and Surety Company has appealed.

The assignments of error make the propositions: That the employer had no actual notice of the employee's injury and that no written notice was given; that the employee sustained no compensable on-the-job injury. Error is also assigned on the ground that the trial court erred in awarding temporary total disability without fixing any time period for the duration of this award.

At the commencement of the hearing of the case it was stipulated that the hearing should relate solely to the temporary total disability of Mary Katherine Miller, and that the only two controverted issues were whether or not the employer had actual notice of the injury or had been given written notice, and whether or not the injury was a compensable on-the-job injury. This stipulation prevents Aetna from questioning the limited nature of the decree, but we are not relieved by Aetna's concession from considering the jurisdictional question of whether the decree is a final decree from which an appeal can be taken to this Court.

It has been the rule since the case of Joslyn v. Sappington, 1 Tenn. 222 (1806) that appeals lie only from final judgments. This proposition has been affirmed in scores of cases which may be found digested in 2 Tenn.Digest, Appeal in Error, 266, pp. 562–564. The only exception to this rule is that provided by § 27–305 T.C.A., allowing discretionary appeals prior to final decrees in equity causes only, in limited cases. Holt v. Reeder, 217 Tenn. 396, 398 S.W.2d 72, 220 Tenn. 428, affirmed 418 S.W.2d 249.

The sum and substance of this rule is, that this Court does not have jurisdiction of any case, except those where it is provided to the contrary by statute, unless the judgment appealed from is final.

Judgments in Workmen's Compensation appeals, which can only be appealed in the nature of a writ of error, as a law case, are final when all of the issues which can be decided under the complaint and the response have been adjudicated. Bouvier's Law Dictionary says that a final judgment is one which puts an end to a suit. 3 Blackstone Commentary, 398, defines a final judgment as one which puts an end to the action by declaring that the plaintiff has either entitled himself, or has not, to recover the remedy he sues for. 1. Kent, p. 316, defines a final judgment as one which determines a particular cause and terminates all litigation on the same right.

These definitions of a final judgment are not all inclusive. Nevertheless, these definitions are accurate, and show that the judgment pronounced in this case was not a final judgment. The purpose of the complaint, was to recover for both temporary total disability and permanent

disability, whether partial or total, as the facts might be. In view of which, it can only be held that the judgment in the case is not final.

The judgment not being final, and the jurisdiction of this Court being dependent upon a final judgment, or upon statutory extension of jurisdiction to consider interlocutory judgments which are not final, the only course open to us is to remand the case for determination of all of the issues presented by the pleadings.

We recognize that our action may discourage what could be in some cases, a beneficial practice in Workmen's Compensation cases, but the jurisdiction of this Court being limited to the review of judgments which are properly before it, our only recourse is to remand the case for trial of all of the issues made by the pleadings.

DYER, C. J., CHATTIN and McCANLESS, JJ., and WILSON, Special Justice, concur.