IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 16, 2002

# TERRY HICKS v. DONAL CAMPBELL, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 00-2593-I     Irvin H. Kilcrease, Jr., Chancellor**

_____

**No. M2001-00280-COA-R3-CV - Filed October 28, 2003**

_____

This appeal involves a prisoner disciplinary proceeding at the Hardeman County Correctional Facility. A prisoner filed a petition for common-law writ of certiorari in the Chancery Court for Davidson County seeking judicial review of a prison disciplinary board's finding that he was guilty of "conspiracy to violate state law." Two of the seven respondents named in the petition filed a Tenn. R. Civ. P. 12.02(6) motion to dismiss. The trial court granted the motion, and the prisoner perfected this appeal. We have determined that the appeal should be dismissed because the order being appealed from is not final and does not comply with Tenn. R. Civ. P. 58.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Dismissed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Terry Hicks, Whiteville, Tennessee, Pro Se.

Tom Anderson, Jackson, Tennessee, for the appellees, Larry Craven and Sheri Saluga.

**OPINION**

**I.**

Terry Hicks is presently serving a ten-year sentence for voluntary manslaughter as a result of a plea bargain in the Circuit Court for Madison County.[1] He is incarcerated at Hardeman County Correctional Facility in Whiteville, Tennessee, a private facility operated by Corrections Corporation of America ("CCA") under contract with the Tennessee Department of Correction. Following an investigation into drug trafficking at the facility, Mr. Hicks and nineteen other prisoners were

---

[1]*Hicks v. State*, 945 S.W.2d 706, 706 (Tenn. 1997).

charged with one or more disciplinary offenses involving possession of illegal drugs and "conspiracy to violate state law."

Prison disciplinary boards convened on two occasions to consider the charges against Mr. Hicks, but the Department rejected their decisions because of procedural irregularities. Following a third hearing, a disciplinary board found Mr. Hicks guilty of conspiracy to violate state law and, as punishment, placed him in administrative segregation for fifteen days,[2] fined him five dollars, and suspended his privilege to have visitors for six months. This punishment was approved by the Department's liaison, the warden, and ultimately the Department's Assistant Commissioner of Operations.

On August 17, 2000, Mr. Hicks filed a petition for common-law writ of certiorari in the Chancery Court for Davidson County.[3] He named as respondents the Department of Correction, the Commissioner of Correction, and five other persons, including Larry Craven, Jr., the warden of the Harden County Correctional Facility, and Sheri Saluga, an internal affairs officer at the facility. Both Warden Craven and Officer Saluga are CCA employees. On October 13, 2000, Warden Craven and Officer Saluga filed a Tenn. R. Civ. P. 12.02(6) motion seeking dismissal of the claims against them, presumably on the ground that they were not amenable to suit because they were CCA employees.[4] On January 10, 2001, the trial court granted the motion and dismissed Mr. Hicks's claims against Warden Craven and Officer Saluga. Mr. Hicks then appealed to this court.

## II.

Mr. Hicks is entitled to an appeal as of right from the trial court's January 10, 2001 order only if it is final and appealable. An order must satisfy two conditions to be considered final and appealable. First, it must either resolve all the claims between all the parties leaving nothing else for the trial court to do, Tenn. R. App. P. 3(a); *Aetna Cas. & Sur. Co. v. Miller*, 491 S.W.2d 85, 86 (Tenn. 1973), or the trial court must certify it as appealable in accordance with Tenn. R. Civ. P.

---

[2]The disciplinary board apparently decided to suspend Mr. Hicks's placement in punitive segregation.

[3]Mr. Hicks should have filed his petition in Hardeman County. In *Hawkins v. Tennessee Dep't of Corr.*, No. M2001-00473-COA-R3-CV, 2002 WL 1677718, at *7-8 (Tenn. Ct. App. July 25, 2002) (No Tenn. R. App. P. 11 application filed), we construed Tenn. Code Ann. § 41-21-803 (2003) to require that a lawsuit accruing while a prisoner is incarcerated must be brought in the county where the facility housing the prisoner is located. However, we will not remand the case for transfer to the proper court because Mr. Hicks filed his petition before we handed down the *Hawkins* decision and because Larry Craven and Sheri Saluga did not raise this issue in the trial court. They cannot raise this issue for the first time on appeal. *Simpson v. Frontier Cmty. Credit Union*, 810 S.W.2d 147, 153 (Tenn. 1991); *Williamson County Broad. Co. v. Intermedia Partners*, 987 S.W.2d 550, 553 (Tenn. Ct. App.1998); *Sweeney v. State Dep't of Transp.*, 744 S.W.2d 905, 906 (Tenn. Ct. App.1987).

[4]This motion does not comply with the requirement in Tenn. R. Civ. P. 7.02(1) that motions "state with particularity the grounds therefor." While the grounds for the motion may have been set out in an accompanying memorandum of law, the memorandum of law is not part of the record by operation of Tenn. R. App. P. 24. *Willis v. Tennessee Dep't of Corr.*, 113 S.W.3d 706, 709 n.2 (Tenn. 2003).

54.02. Second, the order from which an appeal is sought must be "effective" pursuant to Tenn. R. Civ. P. 58. The trial court's January 10, 2001 order is neither.

The January 10, 2001 order merely dismisses Mr. Hicks's claims against two of seven defendants. By leaving the claims against the remaining five defendants intact, the order leaves much for the trial court to do before all the claims between all the parties are finally resolved. Thus, because the trial court did not certify the January 10, 2001 order as appealable under Tenn. R. Civ. P. 54.02, it is not appealable as of right under Tenn. R. App. P. 3(a).

In addition, the January 10, 2001 order is not an "effective" order. To be effective, an order must satisfy the requirements of Tenn. R. Civ. P. 58. One way to satisfy these requirements is for the order to contain "the signature of the judge and a certificate of the clerk that a copy has been served on all other parties of record or counsel." Tenn. R. Civ. P. 58(3). The trial court's January 10, 2001 order contains a "RULE 58 CERTIFICATION" stating that "[a] copy of this order has been served by U.S. Mail upon all parties or their counsel as named above." It also contains a notation indicating that a copy of the order was provided to Mr. Hicks and the lawyer representing Warden Craven and Officer Saluga.[5] The order, however, contains no indication that copies were provided to the remaining five defendants or to the Attorney General and Reporter whose office had entered an appearance on behalf of these defendants approximately three months earlier on October 17, 2000. Therefore, the January 10, 2001 order does not comply with Tenn. R. Civ. P. 58.

## III.

We dismiss Mr. Hicks's appeal because he is seeking appellate review of an order than is not appealable as of right and remand the case to the trial court for further consideration of Mr. Hicks's petition consistent with *Willis v. Tennessee Dep't of Corr.*, 113 S.W.3d 706 (Tenn. 2003). We tax the costs of this appeal to Terry Hicks for which execution, if necessary, may issue. We also find that Mr. Hicks's appeal is frivolous in accordance with Tenn. Code Ann. §§ 41-21-807(c), -816(a)(1) (2003).

_____
WILLIAM C. KOCH, JR., J.

---

[5]The notation was:

cc:     Terry Hicks #109387
        Tom Anderson, Esq.

The notation "cc" is commonly understood to indicate that a copy of the document has been provided to the persons subsequently identified.