IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Submitted on Briefs July 7, 2006

**KELVIN SANDERS**
**v.**
**HOMECOMINGS FINANCIAL and DYCK & O'NEAL INCORPORATED**

**An Appeal from the Circuit Court for McNairy County**
**No. 5330     Weber McCraw, Circuit Judge**

_____

**No. W2006-00413-COA-R3-CV - Filed November 7, 2006**

_____

This is a tort action. The defendant mortgage company serviced the mortgage loans on two homes owned by the plaintiff. After one of the plaintiff's two homes burned down, the plaintiff received insurance proceeds for the destroyed home. The proceeds were mistakenly applied to the mortgage on the wrong property, and a deed of release was prepared on the intact home. Subsequently, the defendant mortgage company recorded an affidavit to reinstate the trust deed and the funds were paid to satisfy the mortgage on the destroyed home. The plaintiff filed suit against the defendant. Liberally construed, the plaintiff's complaint asserted claims for deprivation of civil rights, tortious interference with business relationships, and intentional infliction of emotional distress. The trial court granted the defendant's motion to dismiss, ruling that the plaintiff failed to properly serve process on the defendants and the plaintiff's complaint failed to state a claim upon which relief could be granted. The plaintiff appeals. We dismiss the appeal, finding that the plaintiff has not appealed from a final judgment.

**Tenn. R. App. P. 3; Plaintiff/Appellant's Appeal is Dismissed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Plaintiff/Appellant Kelvin Sanders, Bethel Springs, Tennessee, *pro se*.

D. Christopher Carson, Birmingham, Alabama, for Defendant/Appellee Homecomings Financial.

**MEMORANDUM OPINION**[1]

On July 26, 2004, Plaintiff/Appellant Kelvin Sanders ("Sanders") filed a *pro se* lawsuit in the McNairy County Circuit Court against Defendant/Appellee Homecomings Financial Network ("Homecomings") and Defendant Dyck & O'Neal Incorporated. The action sought relief pursuant to 42 U.S.C. § 1983, Tennessee Code Annotated § 48-58-503, and Tennessee Code Annotated § 48-58-507. The complaint alleged:

> That on or around December 9, 2001, the property belonging to the Plaintiff was destroyed by fire located at 610 Bethel Pursy Road, Bethel Springs, TN 38315. On or around February 26, 2002, State Farm Fire and Casualty Company paid off the claim in the amount of $90,825.95 in a check made payable to Kelvin Sanders and Homecomings Financial Network, Claim No.42-B062-069, Check No. 111905447. This check was authorized by Jody Farmer. See attached copy of State Farm Fire and Casualty Company Check as Exhibit "A".
>
> On May 1, 2002, Bank One, National Association as trustee (F.A. the First National Bank of Chicago (RFC Attorney in Fact released said property at 131 S. Sanders Road, in Bethel Springs, TN 38315, signed by Barbara Crane, Vice President Bank One. See attached copy of Deed of Trust as Exhibit "B".
>
> On September 23, 2002, an Instrument Prepared by Arnold M. Weiss, Attorney At law, 208 Adams Avenue, Memphis, TN 38103-1991 prepared an "Affidavit to Reinstate Trust Deed, which was signed Jackie Oliver, Serving Associate Counsel of RFC, Witness by Caesural Adams, Notary Public for the State of Texas, whose Commission Expires 01-17-05 and executed the same without the Plaintiff's signature, which constitutes a fraudulent document submitted to override the lien release alleging that the property was not paid-off. (See attached Affidavit to Reinstate Trust Deed as Exhibit "C".
>
> Plaintiff written various letters to try and correct this matter as well as Plaintiff's Counsel, Terry Abernathy, Attorney At law, 155 South Second Street R., Seamer, TN 38375. (See attached as Exhibit "D".

The complaint asserted four claims. First, Sanders stated "[t]hat all of the above named Defendants are jointly connected and responsible to and for each other, being Homecomings Financial (d.b.a. Bank One and Dyck & O'NEAL Incorporated, all considered, indemnification are an unlawful conduct are responsibility individually and jointly as pursuant to Tenn. Code Ann. Section 48-58-503 and Tenn. Code Ann. Section 48-58-507." Sanders' second claim asserted "[t]hat

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case..

the Defendants cause of action has brought about and created tremendous disappointment, exacerbation, embarrassment and mental anguish upon Plaintiff as a business concrete contractor whereas such is impossible to retract." Third, Sanders claimed "[t]hat the Defendants has individually and jointly hindered and blocked Plaintiff's rights to borrow money to pursue his business as ASK Concrete Contractor to bid, to build or pour concrete as gainful employment in several States. . . ." Finally, Sanders asserted "[that all of the Defendants are guilty of intentional deprivation of Plaintiff's civil Rights, which has denied him access to work on large or small jobs as well as cause Plaintiff to take a Chapter 13 Bankruptcy."

Based on these claims, Sanders sought $2.5 million in damages, broken down in the following manner: $500,000 for deprivation of his civil rights; $500,000 for hindering him from doing business as ASK Concrete Contractor; $500,000 for "tremendous disappointment;" $500,000 for exacerbation and embarrassment; and $500,000 for mental anguish. Sanders also sought attorney's fees pursuant to 42 U.S.C. § 1983.

On September 23, 2005, Homecomings filed a motion to dismiss, asserting two grounds for dismissal of the lawsuit. First, Homecomings argued, Sanders failed to properly serve Homecomings with process pursuant to Rule 4 of the Tennessee Rules of Civil Procedure. In support of this argument, Homecomings said that Sanders did not address the notice to the attention of a Homecomings officer, managing agent, or registered agent. Homecomings' second ground for dismissal of Sanders' complaint was that Sanders failed to state a claim upon which relief could be granted. In support of this ground for dismissal, Homecomings argued that Sanders failed to allege "any facts giving rise to a cause of action for intentional infliction of emotional distress, interference with business relationships, or deprivation of civil rights."

In November 2005, the trial court set a hearing on Homecomings' motion to dismiss for February 13, 2006. On February 13, 2006, Sanders filed a response to Homecomings' motion to dismiss, admitting that he had been unable to obtain the names of Homecomings' agents for service of process. The record reflects that the hearing on the motion to dismiss was held as scheduled, but the record does not include a transcript of the hearing.

On March 2, 2006, the trial court entered a final order granting Homecomings' motion to dismiss. The order explained that Sanders had failed to state a claim upon which relief could be granted and failed to effectuate proper service of process upon Homecomings. The lawsuit was dismissed with prejudice and all costs were taxed to Sanders. From this order, Sanders now appeals.

On appeal, Sanders contends that the trial court erred in dismissing his complaint with prejudice based on insufficiency of service of process. Sanders' brief legal argument on this issue asserts that the trial court erred in dismissing the complaint, claiming that, at the least, the trial court should have dismissed the complaint without prejudice and permitted Sanders to re-file his complaint after properly serving Homecomings. As to the dismissal for failure to state a claim upon which relief could be granted, Sanders argues only that "Plaintiff/Appellant alleges that he has stated

a claim upon which relief can be granted because [Homecomings], through mistake or inadvertence or oversight and had they not 'messed up' payoff of the note after receipt of the insurance proceeds."

At the outset, we must consider whether the plaintiff has appealed from a final, appealable judgment. Even though no party has raised the issue, we raise it *sua sponte*. "Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." ***Bayberry Assoc. v. Jones***, 783 S.W.2d 553, 559 (Tenn. Ct. App. 1990), citing ***Aetna Casualty & Surety Co. v. Miller***, 491 S.W.2d 85 (Tenn. 1973). As set forth in Rule 3 of the Tennessee Rules of Appellate Procedure, an order that fails to adjudicate all of the claims against all of the parties is not a final, appealable judgment:

> **(a) Availability of Appeal as of Right in Civil Actions**. In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in Rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Rule 3(a), T. R. A. P.

In this case, the trial court's order dismisses Sanders' claims against Homecomings, but does not address Sanders' claims against named defendant Dyck & O'Neal Incorporated. Since the order has not been made final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure, and is not an appealable interlocutory order under Rules 9 or 10 of the Tennessee Rules of Appellate Procedure, we must conclude that the order granting Homecomings' motion to dismiss is not appealable at this juncture. Accordingly, we are left with little choice but to dismiss Sanders' appeal.

The appeal is dismissed. Costs of this appeal are hereby taxed against Plaintiff/Appellant Kelvin Sanders, and his surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE

-4-