IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 29, 2006 Session

**DEREK DAVIS**

v.

**SHELBY COUNTY SHERIFF'S DEPARTMENT**

**An Appeal from the Chancery Court for Shelby County**
**No. CH-03-0295-II    Arnold B. Goldin, Chancellor**

**No. W2006-00980-COA-R3-CV - Filed February 28, 2007**

This appeal involves a writ of certiorari. The plaintiff, a former deputy sheriff for the County, was discharged. After a hearing, the County administrative board upheld the County's decision to terminate the plaintiff's employment. The plaintiff then filed a petition for writ of certiorari in the chancery court, seeking judicial review of the board's decision. The plaintiff then filed a motion to amend the petition to add claims. The trial court never ruled on the motion to amend. After a hearing on the petition, the trial court affirmed the decision of the board. The plaintiff deputy sheriff appeals. We dismiss the appeal, finding that there is not a final judgment over which this Court may exercise appellate jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal is Dismissed.**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, J., and DAVID R. FARMER, J., joined.

Leslie A. Miller, Bartlett, Tennessee, for Plaintiff/Appellant Derek Davis.

Martin W. Zummach, Germantown, Tennessee, for Defendant/Appellee Shelby County Sheriff's Department.

**OPINION**

Plaintiff/Appellant Derek Davis ("Davis") worked as a deputy sheriff for Defendant/Appellee Shelby County Sheriff's Department ("Sheriff's Department"). As part of a Drug Free Workplace Program, the Sheriff's Department selects employees on a random basis for drug testing. On August 20, 2002, Davis was selected to participate in a drug test. Davis submitted a urine sample that day, which was collected and tested by MedLab, Inc. ("MedLab").

On August 26, 2002, a medical review officer for MedLab informed Davis and the Human Resources Division of the Sheriff's Department that Davis' urine sample had tested positive for

marijuana. Davis requested a retest of the original sample by an independent laboratory. The second test, conducted by American Medical Laboratories, Inc., confirmed the presence of marijuana in the original urine sample.

Based on the results of the drug test, the Sheriff's Department charged Davis with violations of the Shelby County Sheriff's Department Rule and Regulation 03.00, Procedural Bulletin 03-2001: Random Drug Testing Procedures and Rule and Regulation 03.14: Possession and Use of Drugs. Davis was immediately relieved of duty, with pay.

On September 10, 2002, the Sheriff's Department conducted a pretermination hearing. In the hearing, chaired by Chief David R. Wing ("Chief Wing"), Davis was given an opportunity to respond to the charges against him. Shortly after this hearing, Chief Wing notified Davis by letter that he had been found guilty of the charges against him, and that, as a consequence, his employment with the Sheriff's Department was terminated.

On September 12, 2002, Davis appealed the termination of his employment to the Shelby County Government Civil Service Merit Board ("Board"). The Board held a hearing on Davis' appeal on December 3, 2002. This hearing, and the resulting decision, are the subject of the instant litigation.

In the hearing before the Board, Davis took the position that the urine sample, which tested positive for marijuana and formed the basis of his termination, was not the urine sample that he provided to MedLab. Accordingly, most of the testimony presented at the hearing focused on the procedures used in administering the August 2002 drug test.

At the hearing, Davis testified that he was not asked for photo identification at the testing facility, that he did not observe the collector of the urine sample seal the lid to his specimen container, and that the initials which appeared on the top of the specimen container were not his initials. Finally, Davis asserted that a man collected his urine sample at the testing facility, but a female name was signed as the "collector" in the chain of custody section of the testing application.

Davis did not dispute, however, that prior to submitting his urine sample to be tested, he signed an acknowledgment stating that the specimen container was sealed in the donor's presence, and that the information on the form and label affixed to the container was accurate.

Approximately two weeks after the hearing, on December 18, 2002, the Board issued its written findings, upholding the decision of the Sheriff's Department to terminate Davis' employment. Although the written findings are referenced in the pleadings, they were not included in the record submitted to this Court.

Subsequently, on February 13, 2003, Davis filed a Petition for Writ of Certiorari and Statutory Appeal and Complaint for Deprivation of Civil Rights in the Chancery Court of Shelby County. In his petition, Davis sought judicial review of the Board's decision, asserting that the

Board's decision to uphold the termination of his employment was arbitrary and capricious because of the flaws in the drug testing procedures. Davis' petition also included claims under the United States and Tennessee Constitutions, asserting that he was denied his rights to "due process of law and the law of the land," and that the manner in which the drug test was conducted denied him equal protection under the law. The Sheriff's Department's answer to Davis' petition and complaint, filed on March 13, 2003, denied the allegations and sought dismissal of the petition.

Several months later, on August 19, 2003, Davis also filed a Motion to Amend Petition. In the motion, Davis sought to amend his petition to add claims for declaratory and injunctive relief. Specifically, Davis moved to amend his petition to request a declaratory judgment that the "practice of conducting Civil Service Merit Board hearings in the absence of a properly appointed administrative law judge or hearing officer is contrary to the laws of the State of Tennessee." In addition, Davis asked the trial court to issue an injunction prohibiting the Board from conducting hearings in the absence of an administrative law judge or hearing officer. The trial court did not rule on Davis' motion to amend.

On February 13, 2004, a consent order was entered, permitting Davis' former counsel, William Monroe, to withdraw, and substituting Thomas E. Hansom. Over two years later, on April 6, 2006, after reviewing the transcript of the Board hearing, the trial court held a hearing on Davis' petition and complaint. The hearing consisted entirely of arguments from counsel—counsel for Davis focused on irregularities in the chain of custody for the original urine specimen, attempting to show that there was a "mix-up" in the urine samples submitted to MedLab on August 20, 2002. At the conclusion of the lawyers' arguments, the trial court issued its ruling from the bench. Without making any specific findings of fact or conclusions of law, the trial court affirmed the Board's decision and upheld the termination of Davis' employment. Subsequently, on June 28, 2006, the trial court entered an Order Denying Petitioner's Petition for Writ of Certiorari. In the order, the trial court recited the standard of review for a common law writ of certiorari[1] and then concluded that "the Court is of the opinion that the Petition for Writ of Certiorari should be denied." From this order, Davis now appeals.

On appeal, Davis argues that the Board's decision was not supported by material evidence, asserting that the trial court should have found that the drug test, the sole basis for his termination, was inadmissible. For the reasons set forth below, we must dismiss this appeal for lack of a final judgment over which this Court may exercise appellate jurisdiction.

---

[1]As noted in the trial court's order, review under a common law writ of certiorari is limited to whether the "inferior board or tribunal (1) has exceeded its jurisdiction, or (2) has acted illegally, arbitrarily, or fraudulently." *McCallen v. City of Memphis*, 786 S.W.2d 633, 638 (Tenn. 1990) (quoting *Hoover Motor Exp. Co. v. Railroad and Pub. Utils. Comm'n*, 261 S.W.2d 233, 238 (Tenn. 1953)). Reversal or modification of the Board's decision may be had "only when the trial court finds that the Board has acted in violation of constitutional or statutory provisions or in excess of its own statutory authority; has followed an unlawful procedure or been guilty of arbitrary or capricious action; or has acted without material evidence to support its decision." *Watts v. Civil Serv. Bd. for Columbia*, 606 S.W.2d 274, 277 (Tenn. 1980).

-3-

Neither party has raised the issue of whether Davis has appealed from a final, appealable judgment. Nevertheless, we must *sua sponte* review the record to determine if there is proper appellate jurisdiction. *See Huntington Nat'l Bank v. Hooker*, 840 S.W.2d 916, 922 (Tenn. Ct. App. 1991) (citing Tenn. R. App. P. 3(a)); *see also* Tenn. R. App. P. 13(b) (2005).

Under Rule 3(a) of the Tennessee Rules of Appellate Procedure, "every *final judgment* entered by a trial court from which an appeal lies to the . . . Court of Appeals is appealable as of right." Tenn. R. App. P. 3(a) (2005) (emphasis added). A final judgment is one that adjudicates all of the claims between the parties. *See Rector v. Halliburton*, No. M1999-02802-COA-R3-CV, 2003 WL 535924, at *2 (Tenn. Ct. App. Feb. 26, 2003) (citing *Aetna Cas. & Sur. Co. v. Miller*, 491 S.W.2d 85 (Tenn. 1973)). As a general rule, then, an order that adjudicates fewer than all of the claims between the parties is not appealable to this Court. Tenn. R. App. P. 3(a).

Under certain circumstances, a judgment which adjudicates fewer than all of the claims asserted by the parties may be made final and appealable pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. In order to do so, the trial court must make an explicit finding that there is "no just reason for delay" and must expressly direct that a final judgment be entered. Tenn. R. Civ. P. 54.02 (2005). In the absence of either, "any order or other form of decision, however designated, that adjudicates fewer than all the claims . . . shall not terminate the action as to any of the claims or parties." Tenn. R. Civ. P. 54.02; *see also Fox v. Fox*, 657 S.W.2d 747, 749 (Tenn. 1983).

In the instant case, neither the trial court's oral ruling nor its written order disposes of all of the claims between the parties. In the oral ruling, the trial court stated only that it was affirming the Board's decision upholding the termination. The written order simply denies Davis' petition for a writ of certiorari.[2] We assume, without deciding, that the trial court's oral ruling implicitly denied Davis' due process and equal protection claims. *See, e.g., Watts v. Civil Serv. Bd. for Columbia*, 606 S.W.2d 274, 277 (Tenn. 1980) (listing actions in violation of constitutional provisions as one of the limited bases under which a trial court may reverse or modify an administrative board's decision). We cannot make the same assumption about Davis' motion to amend.

As noted above, Davis filed a motion to amend the original petition on August 19, 2003. In his motion, Davis sought to add claims for declaratory and injunctive relief. Nothing in the record

---

[2]To issue a writ of certiorari means to order the lower tribunal or administrative agency to send the record made in the lower proceedings to the court for review. *Gore v. Tennessee Dept. of Correction*, 132 S.W.3d 369, 375 (Tenn. Ct. App. 2003) (citing *Conners v. City of Knoxville*, 189 S.W. 870, 872 (Tenn. 1916)). Upon receipt of the record, the court may then proceed to determine whether the petitioner is entitled to relief. *Jeffries v. Tennessee Dept. of Correction*, 108 S.W.3d 862, 868 (Tenn. Ct. App. 2002). We note that the trial judge in this case informed the parties that he had received and reviewed the transcript of the Board hearing, and then proceeded to hear arguments from counsel. The oral ruling, moreover, affirmed the decision of the Board to uphold Davis' termination. Based on the record before us, therefore, it appears that the trial court, in fact, granted the petition for writ of certiorari and subsequently dismissed the petition, despite the "denial" of writ reflected in the trial court's written order.

indicates that the trial ruled on this motion.[3]  As a result, the judgment appealed from is not a final judgment because the motion to amend is still pending in the trial court.  ***See Farnsworth v. Kenya***, No. 02A01-9707-CV-00145, 1997 WL 685009, at *1-2 (Tenn. Ct. App. Nov. 4, 1997) (dismissing the appeal because the trial court failed to rule on the plaintiff's motion to amend the complaint to add additional defendants and causes of action); ***see also In re Estate of Leath***, No. W2003-01816-COA-R3-CV, 2004 WL 57087, at *3 (Tenn. Ct. App. Jan. 9, 2004) (dismissing the appeal, in part, because the trial court did not rule on the executor's motion to discharge the lien lis pendens). Moreover, the judgment was not made final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure.  Accordingly, we must dismiss this appeal for lack of jurisdiction.

The appeal is dismissed.  Costs of this appeal are to be taxed to Plaintiff/Appellant Derek Davis, and his surety, for which execution may issue, if necessary.

_____

HOLLY M. KIRBY, JUDGE

---

[3] Under Rule 15.01 of the Tennessee Rules of Civil Procedure, once a responsive pleading is served, a party may amend the pleadings "only by written consent of the adverse party or by leave of court."  Tenn. R. Civ. P. 15.01 (2005). The decision to grant or deny a party's request to amend is within the sound discretion of the trial court, but leave to amend shall be "freely given when justice so requires."  Tenn. R. Civ. P. 15.01; ***see also Duty v. Dabit***, No. M2001-00586-COA-R3-CV,  2002 WL 459002, at *4 (Tenn. Ct. App. Mar. 26, 2002).