IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 20, 2022 Session

## NOBLELYNN SHELBY NORRIS v. TERRY JAMAR NORRIS

**Appeal from the Chancery Court for Rutherford County**
**No. 18CV-1328      J. Mark Rogers, Judge**

———————————————————

### No. M2020-01289-COA-R3-CV

———————————————————

This appeal arises from a petition for divorce filed in the Chancery Court for Rutherford County (the "trial court"). Noblelynn Shelby Norris ("Wife") was granted a divorce from Terry Jamar Norris ("Husband") after a hearing held on September 30, 2019. The trial court named Wife primary residential parent of the parties' minor son, set child support, and awarded Wife her attorney's fees. Because the trial court has never awarded Wife a specific amount of attorney's fees, however, the order appealed from is nonfinal and must be dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Terry Jamar Norris, Pro Se.

Jeremy W. Parham, Murfreesboro, Tennessee, for the appellee, Noblelynn S. Norris.

### MEMORANDUM OPINION[1]

This appeal arises from a divorce. Husband challenges the trial court's ruling on the grounds for divorce, child support, and attorney's fees. Wife filed for divorce in the

———————————————————

[1] Rule 10 of the Tennessee Court of Appeals Rules provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

trial court on August 9, 2018, alleging irreconcilable differences, inappropriate marital conduct, and adultery.

After a lengthy discovery dispute, a hearing was held on September 30, 2019. While the parties agree that the hearing was held and that both parties testified, the record contains no statement of the evidence or transcript. The final decree of divorce provides, *inter alia*, that: 1) the parties stipulated to the ground of inappropriate marital conduct by Husband and that a divorce was granted to Wife based on same; 2) Husband owed Wife child support arrearages, as well as continuing child support; and 3) Husband owed Wife her attorney's fees. Specifically, the trial court concluded that "it is fair, equitable and appropriate and this Court exercises its discretion to award Mother her attorney's fees[.]" The trial court ordered Wife's then-counsel to "submit an attorney affidavit of fees and expenses which shall include all work performed in this matter since taking over representation but excluding time spent on the Emergency Petition which was voluntarily dismissed."

On appeal, Husband challenges the trial court's award of attorney's fees to Wife. Husband argues that the trial court's failure to fully adjudicate the issue of attorney's fees is an abuse of discretion warranting reversal of the award. We conclude, however, that this omission renders the trial court's order nonfinal, thus depriving this Court of subject matter jurisdiction.

"Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) (quoting *Aetna Cas. & Sur. Co. v. Miller*, 491 S.W.2d 85 (Tenn. 1973)); *see also* Tenn. R. App. P. 3(a). A final judgment adjudicates all "claims, rights, and liabilities of all the parties" and "resolves all the issues [leaving] 'nothing else for the trial court to do.'" *E Sols. for Bldgs., LLC v. Knestrick Contractor, Inc.*, No. M2018-00732-COA-R3-CV, 2018 WL 1831116, at *3 (Tenn. Ct. App. Apr. 17, 2018) (citing *Discover Bank v. Morgan*, 363 S.W.3d 479, 488 n.17 (Tenn. 2012); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003)).

Because the trial court has not yet fully addressed Wife's request for her attorney's fees, the order from which Husband appeals is not "a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a); *see, e.g.*, *E. Sols.*, 2018 WL 1831116, at *4 (order directing parties to re-submit requests for attorney's fees after appeal was "improvidently certified as final," explaining that because trial court did not fully and finally dispose of claim for attorney's fees, this Court lacked jurisdiction); *City of Jackson v. Hersh*, No. W2008-02360-COA-R3-CV, 2009 WL 2601380, at *4 (Tenn. Ct. App. Aug. 25, 2009) ("This Court has concluded on several occasions that an order that fails to address an outstanding request for attorney's fees is not final."); *Spencer v. The Golden Rule, Inc.*, No. 03A01-9406-CV-00207, 1994 WL 589564, at *1 (Tenn. Ct. App. Oct. 21, 1994) ("There is nothing in the record before us reflecting that the trial court has awarded a *specific amount* as the 'reasonable attorney's fees incurred in prosecuting' this

action. . . . Since there is no order in the record before us *finally* disposing of the Plaintiff's claim for attorney fees at the trial level, the Order from which this appeal is being pursued is not a final order and hence not appealable as of right under Tenn. R. App. P. 3(a)." (emphasis in original) (footnote omitted)).

This Court addressed a similar scenario in *Headrick v. Headrick*, No. E2004-00730-COA-R3-CV, 2005 WL 524807 (Tenn. Ct. App. Mar. 7, 2005). In that case, also a divorce, the wife sought alimony including attorney's fees from the husband. *Id.* at *1. The trial court entered a final decree of divorce, but reserved the issue of attorney's fees due to a pending petition for contempt. *Id.* at *2. As is the case here, the husband appealed the disposition of the divorce. *Id.* We concluded that because no order was entered "resolving the issue of attorney's fees[,]" and because "an award of attorney's fees is treated as an award of alimony[,]" the trial court's order was nonfinal and the appeal was dismissed. *Id.* at *3.

Accordingly, "we dismiss this appeal and remand to the trial court for disposition of the entire claim and for collection of costs below." *Id.* Like the *Headrick* court, we express no opinion as to the trial court's decision on the amount of attorney's fees. *Id.*

Costs of this appeal are assessed to the appellant, Terry Jamar Norris, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE