IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 9, 2024 Session

**IN RE ESTATE OF JANICE N. SMITH**

**Appeal from the Probate Court for Shelby County**
**No. PR-17496      Kathleen N. Gomes, Judge**

_____

**No. W2023-00364-COA-R3-CV**

_____

This appeal concerns a partial summary judgment order certified as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. Upon our review of the record, we determine that the issue adjudicated in the partial summary judgment order did not dispose of an entire claim or party, as is required to certify an order as final pursuant to Rule 54.02. Because we conclude that the trial court improvidently certified the order as final, we dismiss the appeal and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Timothy R. Johnson and John A. Stevenson, Memphis, Tennessee, for the appellant, Jeffrey Craig Smith.

Olen M. Bailey, Jr. and Jared W. Eastlack, Memphis, Tennessee, for the appellee, Donald Edwin Smith.

**OPINION**

**BACKGROUND AND PROCEDURAL HISTORY**

This case concerns the probate of the estate of Janice N. Smith ("Decedent"). Decedent had three children, Jeffrey Smith ("Jeffrey"), Donald Smith ("Donald"),[1] and Janice S. Thornhill. Jeffrey and Donald, appellant and appellee, respectively, both became Decedent's attorney-in-fact pursuant to a Durable Power of Attorney dated March 23,

_____

[1] Because Jeffrey and Donald share the same last name, we will refer to them by their first names throughout this Opinion. We do so for clarity and do not intend any disrespect to the parties on appeal.

2005. On that same date, Decedent executed a Last Will and Testament ("the Will"), which nominated Donald as the personal representative of Decedent's estate.

Widowed in 1998, Decedent continued to live in her marital residence at 4923 Craigmont Drive, Memphis, Tennessee ("the Residence"). In 2011, Jeffrey and his wife, Kimberly Smith ("Kimberly"), began residing with Decedent in the Residence, offering help and support to Decedent. In February 2017, Decedent began paying Jeffrey and Kimberly $400.00 a week for their assistance. On April 4, 2018, Jeffrey, acting pursuant to his authority under the Durable Power of Attorney, opened a new Regions Bank account with funds from a pre-existing Regions Bank account owned by Decedent and allegedly began to engage in banking transactions that allegedly benefitted him using funds from the new account ("the Disputed Transactions").

On July 1, 2018, Decedent was admitted to the Methodist North Hospital in Memphis. A crisis assessment with the hospital's social worker was ordered after Decedent affirmatively responded to the question "is anyone hurting/abusing you or your child." A nurse thereafter recorded that Decedent reported Kimberly had abused her and mismanaged her medications. Approximately two days later, Adult Protective Services conducted an examination of Decedent and found she suffered from suicidal ideation and anxiety. The report from Adult Protective Services also noted that Decedent did not wish to return to the Residence with Jeffrey and Kimberly. Additionally, the report stated that Jeffrey "verbally attacked" the social worker and acted "extremely defensive."

On November 21, 2018, Decedent executed a quitclaim deed, which was prepared without the assistance of an attorney, conveying title of the Residence to Jeffrey ("the Quitclaim Deed"). Decedent signed the Quitclaim Deed in the presence of a notary public and Jeffrey. The record reflects that Decedent had consulted with attorney Rob Malin on two separate occasions in 2018 prior to the execution of the Quitclaim Deed. However, due to various objections made, subpoenas issued to gather further information on these meetings have largely gone unanswered, and the purpose of these meetings was not determined.

Decedent passed away on June 21, 2020. Donald filed a petition to open Decedent's estate on September 22, 2020. Donald's petition was granted, and he was appointed personal representative. Subsequently, Jeffrey offered the original copy of the Decedent's Will, which had been located at her home, for probate, and an order admitting the Will was entered on March 12, 2021.

Donald subsequently filed a complaint in the trial court against Jeffrey to recover personal property of Decedent, to set aside transfers of funds, to set aside and void deed conveyance, for constructive trust and accounting, damages for financial exploitation, compensatory damages, punitive damages, and for attorney's fees and costs. The complaint alleged two counts of undue influence, namely the Disputed Transactions issue

and the Quitclaim Deed issue.

Thereafter, Donald filed a motion for a partial summary judgment, seeking a judicial determination that, as a matter of law, Jeffrey and Decedent shared a legal confidential relationship from which a presumption of undue influence arises and applies to the Quitclaim Deed; that Jeffrey cannot rebut this presumption by clear and convincing evidence; and that the Quitclaim Deed should be voided. Pertinent to this appeal, the motion requested adjudication of the Quitclaim Deed issue, not the Disputed Transactions. Thereafter, the trial court held a hearing concerning the motion for partial summary judgment.

On November 7, 2022, the trial court entered an order making the following findings, among others: (1) the Will directed that Decedent's real property be brought into her estate and that the personal representative be vested with title to said real property; (2) Donald was nominated as personal representative under the Will; (3) the Will directed that Decedent's residuary estate be divided into three equal shares between Donald, Jeffrey, and Janice S. Thornhill; (4) Jeffrey's exercise of the Durable Power of Attorney to open the additional Regions Bank account created a legal fiduciary relationship between Jeffrey and Decedent, and because of the existence of such a relationship a presumption of undue influence applied to the Quitclaim Deed conveyance; (5) the Quitclaim Deed was an unnatural disposition of Decedent's assets, and Decedent did not receive independent legal advice concerning the conveyance underlying the Quitclaim Deed; and (6) in light of these facts under the most favorable view to the non-movant, Jeffrey was unable to demonstrate the fairness of the conveyance underlying the Quitclaim Deed by clear and convincing evidence. The trial court then concluded that the conveyance of the Residence pursuant to the Quitclaim Deed was the result of undue influence and therefore should be voided. At the conclusion of the order, the trial court determined that the rulings made therein were a final judgment pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure ("Rule 54.02").

Jeffrey thereafter filed a motion to alter or amend the partial summary judgment order, arguing that the evidence demonstrated a genuine issue of material fact. The trial court, however, denied Jeffrey's motion.

This appeal followed.

**DISCUSSION**

Jeffrey has presented two issues for review on appeal—whether the trial court correctly determined that he was unable to rebut the presumption of undue influence as to the Quitclaim Deed, and whether the trial court erred in certifying the partial summary judgment as final pursuant to Rule 54.02. We first address the trial court's Rule 54.02 certification of the partial summary judgment as a final judgment because the validity of

this certification determines if this Court has subject matter jurisdiction to hear this appeal. As we have previously discussed,

> [t]his Court's subject matter jurisdiction is limited to final judgments except where otherwise provided by procedural rule or statute. *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn.1990) (citing *Aetna Cas. & Sur. Co. v. Miller*, 491 S.W.2d 85, 86 (Tenn.1973)). An order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is typically not a final judgment that is appealable as of right. *See* Tenn. R. App. P. 3(a).

*Carr v. Valinezhad*, No. M2009-00634-COA-R3-CV, 2010 WL 1633467, at *1 (Tenn. Ct. App. Apr. 22, 2010). However, when an order is properly certified as final under Rule 54.02, we can have subject matter jurisdiction to review the order even though other matters remain unadjudicated and pending in the trial court. In pertinent part, Rule 54.02 states as follows:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Tenn. R. Civ. P. 54.02(1). As prerequisites to the certification of a final judgment, Rule 54.02 requires "(1) the order must eliminate one or more but fewer than all of the claims or parties, . . . and (2) the order must expressly direct the entry of final judgment upon an express finding of 'no just reason for delay[.]'" *Carr*, 2010 WL 1633467, at *2 (citations omitted). Though preferred, the trial court is not required to make specific factual findings in support of its conclusion that there is "no just reason for delay[,]" but it must be apparent from the record. *Huntington Nat'l Bank v. Hooker*, 840 S.W.2d 916, 922 (Tenn. Ct. App. 1991).

Although the disposition of a party should be readily ascertainable in a given case, the first prerequisite for certification under Rule 54.02 can present a more complex question if the purported elimination of a claim is at issue, as is the circumstance in this

appeal.[2] We review de novo as a question of law whether an order disposes of a distinct claim. *Brown v. John Roebuck & Assocs., Inc.*, No. M2008-02619-COA-R3-CV, 2009 WL 4878621, at \*5 (Tenn. Ct. App. Dec. 16, 2009). For the purposes of Rule 54.02, a claim "is defined as the aggregate of operative facts which give rise to a right enforceable in the courts." *Carr*, 2010 WL 1633467, at \*2 (quotations omitted) (citing *Brown*, 2009 WL 4878621, at \*6). We have previously concluded that complaints stating multiple counts may give rise to a single claim if the separate counts "arise out of the same series of closely related factual occurrences." *Id*. at \*3.

Here, we note that Donald's complaint presents a series of facts in support of voiding the Quitclaim Deed. These same facts are also advanced in support of voiding the Disputed Transactions. Indeed, Donald's allegations supporting his petition to set aside the Disputed Transactions are essentially the same as those allegations of undue influence being proffered to set aside the Quitclaim Deed. Donald argues that a handful of facts only apply to the issue of the Quitclaim Deed, and therefore, certification pursuant to Rule 54.02 is appropriate. However, a few distinct facts do not preclude us from concluding that the *aggregate* of operative facts applies to both the Disputed Transactions and the Quitclaim Deed.

In support of the Rule 54.02 certification's validity, Donald cites to *Carr* and *Brown* for the contention that the claims are distinct unless "they involve the exact same set of operative facts." *Carr*, 2010 WL 1633467, at \*3 (citing *Brown*, 2009 WL 4878621, at \*7). Donald contends these cases support the precedent that claims are considered different from each other for Rule 54.02 purposes unless there is no difference whatsoever between the underlying facts. We disagree. It is true that *Brown* was decided on the basis that one of the unadjudicated counts raised the exact same set of facts as the adjudicated count; however, it did not foreclose the possibility that all nine counts represented a single claim. *Brown*, 2009 WL 4878621, at \*7 n.7. Indeed, it proffered that the existence of "interlocking facts would support such a conclusion." *Id*. Moreover, *Carr* does not support the position that the facts among separate counts must be exactly the same; instead, we concluded it is sufficient for the factual circumstances to be "closely related." *Carr*, 2010 WL 1633467, at \*3.

From our review of the record, we observe a plethora of overlapping factual circumstances underlying both counts. Some examples include, but are not limited to, Decedent's health and mental capacity, Jeffrey's caretaker relationship with Decedent, Decedent's dependency upon Jeffrey, and whether Decedent suffered from emotional or physical abuse while Jeffrey lived with her. Equally applicable to both issues concerning the Disputed Transactions and the Quitclaim Deed, these facts represent the core of Donald's claim of undue influence. Even the order granting the partial summary judgment primarily presents findings of facts underlying both the Disputed Transactions issue and

---

[2] There is no dispute that the partial summary judgment did not wholly dispose of a party.

- 5 -

the Quitclaim Deed issue. In light of the significant presence of interlocking facts, we conclude these two counts clearly arise out of the same series of closely related factual circumstances and therefore represent one claim within the meaning of Rule 54.02.

In sum, the facts underlying the validity of the Quitclaim Deed will continue to be relevant, if not determinative, in subsequent proceedings concerning the Disputed Transactions. Our Tennessee Supreme Court has previously discouraged the certification of interlocutory judgments as final, particularly if it results in piecemeal appellate review. *Harris v. Chern*, 33 S.W.3d 741, 745 n.3 (Tenn. 2000). Under the circumstances of the instant case, the aggregate of facts relevant to the Quitclaim Deed matter are necessarily applicable to other unadjudicated issues and would require repeated review in a subsequent appeal. In light of the foregoing, we conclude that the trial court erred by certifying the partial summary judgment order as final when it did not dispose of an entire claim.

## CONCLUSION

Because we conclude that the trial court improvidently certified the order on appeal as a final judgment pursuant to Rule 54.02, we dismiss the appeal and remand the case for further proceedings consistent with this Opinion.[3]

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE

---

[3] Because we vacate the finality of the order on appeal, we lack subject matter jurisdiction to review any other issue raised in connection with this appeal.