IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 23, 2017 Session

## LISA SCHNUR v. JAMES WILLIAM SHERRELL, III

**Appeal from the Circuit Court for Hamilton County
No. 11D1072 W. Neil Thomas, III, Judge**

_____

**No. E2016-01338-COA-R3-CV**

_____

This appeal involves a post-divorce order of protection. Mother obtained an ex-parte order of protection on behalf of the parties' thirteen-year-old son alleging that Father had punched the child in the mouth while drunk on a family vacation. After an evidentiary hearing, the trial court dismissed Mother's petition for order of protection finding that she had not met her burden of proof. Mother appealed. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed and Remanded.**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and JOHN W. MCCLARTY, JJ., joined

Lisa Z. Bowman, Chattanooga, Tennessee, for the appellant, Lisa Schnur.

Glenna M. Ramer, Chattanooga, Tennessee, for the appellee, James William Sherrell, Jr.

## OPINION

### I.       Background

Appellee James William Sherrell, Jr. ("Father") and Appellant Lisa Schnur ("Mother") are the divorced parents of James William Sherrell, III ("Will"). On May 23, 2011, Mother filed a petition for order of protection, which was dismissed. On June 1, 2016, Mother filed a second petition for order of protection, which is the subject of the instant appeal. In her petition, Mother alleged that, while on vacation with Will, Father's parents, Father's sister, her husband, and their two children, Father punched Will, who was 13 at the time, in the mouth. Mother also alleged that Father was drunk at the time.

On June 1, 2016, the trial court entered a temporary order of protection against Father pending a hearing. Mother's petition was heard on June 13 and 14, 2016. Will's paternal grandmother, Lenda Sherrell, testified that she babysat the four grandchildren, including Will, while the other adults went out on the night of the alleged incident. Ms. Sherrell stated that Father returned to the rental house as the children were going to bed. She stated that Father gave each child a good night hug and kiss in her presence. Mrs. Sherrell and Father then went downstairs, and Ms. Sherrell testified that Father did not return to the children's rooms. Ms. Sherrell further testified that Friday, the day after the alleged incident was Will's birthday. She stated that Will had requested steak for dinner, and that he ate all of his steak as well as some of his Father's steak, without complaining about any mouth pain. On Saturday morning, Mrs. Sherrell noticed that Will was not talking, so she asked him what was wrong. Will then pointed to his mouth and pulled down his lip. Mrs. Sherrell testified that she saw what looked like a cold sore.

The trial court found that Will's testimony was "inconsistent with almost every witness who testified in this case, including his mother." In contrast to the testimony from other witnesses, Will testified that his grandmother did not babysit her grandchildren and that she was lying if she said that she did. Will further testified that Father hit him in the mouth with a clenched fist for no reason; and that he told no one of the incident because he was afraid of being hit again. He also testified that although he had requested steak for his birthday dinner, he was unable to eat it. Although he spoke to his Mother daily on the phone, he did not tell his Mother of the alleged incident until he returned home on Sunday morning. By order of June 14, 2016, the trial court dismissed Mother's petition for order of protection, finding that she had not met her burden of proof in the case. The trial court used a form order, but made findings from the bench. Mother appeals.

## II. Issues

Appellant raises the following issues for review:

1. The trial court erred in failing to make written findings of fact in its dismissal of the order of protection.

2. The weight of the evidence presented at trial preponderates against the trial court's findings of fact and conclusions of law supporting the trial court's dismissal of the Appellant's petition for order of protection.

In response, Father contends that Mother's appeal is frivolous and requests that he be awarded attorney's fees and costs on appeal.

## III. Standard of Review

Our review of this non-jury case is de novo upon the record of the proceedings below with a presumption of correctness as to the trial court's factual findings, "unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d); ***Armbrister v. Armbrister***, 414 S.W.3d 685, 692 (Tenn. 2013). We review questions of law de novo with no presumption of correctness. ***Kelly v. Kelly***, 445 S.W.3d 685, 692 (Tenn. 2014) (citing ***Armbrister***, 414 S.W. 3d at 692).

## IV. Analysis

### A.      Subject Matter Jurisdiction

In his brief, Father argues that this Court does not have subject matter jurisdiction to hear this appeal because the order dismissing Mother's petition for order of protection is not a final order. Father contends that the order on appeal is part of an on-going custody dispute between the parties that is still pending. Before we consider the substantive issues raised by Mother on appeal, we must first address the threshold issue of whether this Court has subject matter jurisdiction to adjudicate this appeal. Tenn. R. App. P. 13(b). Subject matter jurisdiction relates to a court's authority to adjudicate a particular type of case or controversy brought before it. ***In re Estate of Trigg***, 368 S.W.3d 483, 489 (Tenn. 2012) (citing ***Osborn v. Marr***, 127 S.W.3d 737, 739 (Tenn. 2004)); ***Northland Ins. Co. v. State***, 33 S.W.3d 727, 729 (Tenn. 2000). Rule 3 (a) of the Tennessee Rules of Appellate Procedure provides that, except as otherwise permitted in rule 9 of the Tennessee Rules of Appellate Procedure and in Rule 54.02 of the Tennessee Rules of Civil Procedure, when multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of the parties is not final or appealable. Tenn. R. App. P. 3(a). Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. ***Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990) (citing ***Aetna Cas. & Sur. Co. v. Miller***, 491 S.W.2d 85 (Tenn. 1973)); ***Ruff v. Raleigh Assembly of God Church, Inc***., 241 S.W.3d 876, 877 (Tenn. Ct. App. 2007).

Father relies on ***Harbin v. Jones***, No. W2012-01474-COA-R3CV, 2013 WL 1249050, at *4 (Tenn. Ct. App. Mar. 28, 2013) to support his position that the order dismissing the petition for order of protection is not final because the order on appeal does not address any of the underlying custody issues. In ***Harbin***, we concluded that the trial court's order dissolving the orders of protection against Father was not immediately appealable when other issues between the parties remain outstanding. ***Id.*** Here, it is undisputed that these parties have been involved in an ongoing custody dispute since 2012. According to the statements made by counsel at oral argument before this Court, the trial court entered an order on the custody issues on March 31, 2017. The custody case stemmed from Hamilton County Circuit Court, docket number 12D1406. Promptly after the entry of the March 31, 2017 order, Mother filed a notice of appeal in the overall

custody case, which is currently pending before this Court as ***James William Sherrell, Jr. v. Lisa Daniela Schnur***, No. E2017-00744-COA-R3-CV. The case currently at issue stems from ***Lisa Schnur v. James William Sherrell***, ***Jr.***, Hamilton County Circuit Court, docket number 11D1072. There is no indication that a motion to consolidate the two cases was filed, or that an order consolidating the two cases was ever entered. Based on the record, we conclude that the custody dispute is a separate action and that the order dismissing Mother's petition for order of protection was a final order pursuant to Rule 3(a) of the Tennessee Rules of Appellate Procedure.

## B. Findings of Fact

Mother argues that the trial court erred in failing to make findings of fact in dismissing the order of protection. Tennessee Rule of Civil Procedure 52.01 states that "[i]n all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." Tenn. R. App. P. 52.01. Generally, the appropriate remedy when a trial court fails to make appropriate findings of fact and conclusions of law pursuant to Tennessee Rule of Civil Procedure 52.01 is to "vacate the trial court's judgment and remand the cause to the trial court for written findings and conclusions of law." ***Lake v. Haynes***, No. W2010-00294-COA-R3-CV, 2011 WL 2361563, at *1 (Tenn. Ct. App. June 9, 2011). However, in certain limited circumstances, this Court has previously concluded that we may "soldier on" with our review despite the trial court's failure to comply with Rule 52.01. "[W]hen a trial judge fails to make findings of fact and conclusions of law, the appellate court "may soldier on when the case involves only a clear legal issue, or when the court's decision is readily ascertainable." ***Douglas v. Caruthers & Associates, Inc***., No. W2013-02676-COA-R3-CV, 2015 WL 1881374, at *10 (Tenn. Ct. App. Apr. 24, 2015); ***Pandey v. Shrivastava***, No. W2012-00059-COA-R3-CV, 2013 WL 657799, *5 (Tenn. Ct. App. Feb. 22, 2013); ***Hanson v. J.C. Hobbs Co., Inc.***, No. W2011-02523-COA-R3-CV, 2012 WL 5873582, at *10 (Tenn. Ct. App. Nov. 21, 2012).

In dismissing Mother's petition for order of protection, the trial court used a form order that did not include specific findings. However, the trial court clearly articulated its reasoning from the bench. The trial court found as a matter of fact that "Will's testimony. . . was not only internally inconsistent, it was inconsistent with almost every witness who testified in this case, including his mother. . . . I find that to be very serious." "I would simply say that I did not find Will's version of the facts believable. . . . it was not consistent in terms of who was present, when people were present, why they were present, and even to the point of what time of the day it was." "[E]very piece of testimony, including Will's testimony, there was nothing wrong Monday. Tuesday, Wednesday, Thursday until Thursday night, there was nothing wrong. Friday, the pictures don't support what Will said." "Will I issue the order of protection? No. I don't find that there's a credible basis for it to be issued."

- 4 -

When it comes to live, in-court witnesses, appellate courts should afford trial courts considerable deference when reviewing issues that hinge on the witnesses' credibility because trial courts are "uniquely positioned to observe the demeanor and conduct of witnesses." *State v. Binette*, 33 S.W.3d 215, 217 (Tenn. 2000). "[A]ppellate courts will not re-evaluate a trial judge's assessment of witness credibility absent clear and convincing evidence to the contrary." *Wells v. Tennessee Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn.1999); see also *Hughes v. Metro. Gov't of Nashville & Davidson Cnty.*, 340 S.W.3d 352, 360 (Tenn. 2011). In order for evidence to be clear and convincing, it must eliminate any "serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *State v. Sexton*, 368 S.W.3d 371, 404 (Tenn. 2012) (quoting *Grindstaff v. State*, 297 S.W.3d 208, 221 (Tenn. 2009)). Whether the evidence is clear and convincing is a question of law that appellate courts review de novo without a presumption of correctness. *Kelly v. Kelly*, 445 S.W.3d 685, 692-93 (Tenn. 2014); *Reid ex rel. Martiniano v. State*, 396 S.W.3d 478, 515 (Tenn. 2013). Based on the findings of fact as stated from the bench, we are easily able to ascertain the trial court's rationale. Here, the trial court did not find the party's son to be a credible witness, and the record does not contain any evidence that creates doubt about the correctness of the trial court's conclusions. Consequently, absent any clear and convincing evidence, we will not re-evaluate the trial court's assessment of Will's credibility and we will not vacate the trial court's judgment.

Mother also contends that the weight of the evidence presented at trial preponderates against the trial court's dismissal of her petition. Like the analysis used in determining witness credibility, the weight, faith, and credit to be given witnesses' testimony lies in the first instance with the trial court. *Roberts v. Roberts*, 827 S.W.2d 788, 795 (Tenn. Ct. App. 1991). Accordingly, where issues of credibility and weight of testimony are involved, this Court will accord considerable deference to the trial court's factual findings. *In re M.L.P.*, 228 S.W.3d 139, 143 (Tenn. Ct. App. 2007) (citing *Seals v. England/Corsair Upholstery Mfg. Co.*, 984 S.W.2d 912, 915 (Tenn. 1999)). Here, the trial court did not find Will's testimony to be credible, and, therefore, gave it no weight, faith, or credit. Absent any evidence to the contrary, we conclude that the trial court was correct in dismissing Mother's petition.

### C.    Attorney Fees

Father contends that Mother's appeal is frivolous and requests that he be awarded attorney's fees and costs on appeal. Tennessee Code Annotated section 27-1-122 states that:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on

the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122. "In considering a request for attorney's fees on appeal, we consider the requesting party's ability to pay such fees, the requesting party's success on appeal, whether the appeal was taken in good faith, and any other equitable factors relevant in a given case." *Moran v. Wilensky*, 339 S.W.3d 651, 666 (Tenn. Ct. App. 2010)(citing *Archer v. Archer*, 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995)). The record before us relates solely to Mother's most recent petition for order of protection. From our overview of the record, we cannot conclude that the appeal was frivolous, or that the appeal was taken for any subversive purpose. Accordingly, we exercise our discretion and deny Father's request for attorneys' fees.

With regard to costs associated with this appeal, Tennessee Code Annotated § 36-3-617(a)(1) provides:

> [N]o domestic abuse victim, stalking victim or sexual assault victim shall be required to bear the costs, including any court costs, filing fees, litigation taxes or any other costs associated with the filing, issuance, registration, service, dismissal or nonsuit, appeal or enforcement of an ex parte order of protection, order of protection, or a petition for either such order, whether issued inside or outside the state.

Tenn. Code Ann. § 36-3-617(a)(1); *Merriman v. Merriman*, No. E2010-00013-COA-R3-CV, 2010 WL 3767116, at *2. The statute was later amended to include Section 36-3-617(a)(2), which provides that a petitioner may be required to pay the costs of an appeal when a protection order is dissolved where the record contains "clear and convincing evidence ... [t]he petitioner knew that the allegation of domestic abuse, ... was false at the time the petition was filed." Tenn. Code Ann. § 36-6-617(a)(2). *Furlong v. Furlong*, 370 S.W.3d 329, 341 (Tenn. Ct. App. 2011). Under the statute, before we could tax the costs on appeal to Mother, we would have to conclude that there is "clear and convincing evidence ... [t]he petitioner knew that the allegation of domestic abuse, ... was false at the time the petition was filed." *Furlong v. Furlong*, 370 S.W.3d 329, 341 (Tenn. Ct. App. 2011). Here, the trial court used the state's form order dismissing the order of protection. The form order has a check box for costs if the court finds by clear and convincing evidence that the parties' son was not a domestic abuse victim; *and* that Mother knew the allegations were false at the time she filed the petition. The trial court chose not to check that box regarding costs. We find no evidence in the record that preponderates against the trial court's decision. Because we cannot make this required finding with respect to Mother's conduct, we must assess the costs against Father.

## V. Conclusion

For the foregoing reasons, we affirm the order of the trial court. We remand the case for such further proceedings as may be necessary and are consistent with this opinion. Costs on appeal are assessed against Appellee, James William Sherrell, III, for which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE