FILED
07/19/2024
Clerk of the
Appellate Courts

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### March 26, 2024 Session

## NASHVILLE CHURCH OF CHRIST, INC., AS SUCCESSOR-IN-INTEREST TO CENTRAL CHURCH OF CHRIST v. AMY GRANT GILL AND ANDREW M. BURTON, AS CO-ADMINISTRATORS OF THE ESTATE OF A.M. BURTON, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 20-0348-II      Anne C. Martin, Chancellor**

_____

### No. M2022-00823-COA-R3-CV

_____

This appeal involves a complaint to quiet title and for declaratory and injunctive relief filed by a church. The church had purchased property in 1925 pursuant to a deed providing that if the property ceased to be used for the purposes and objects described in the deed, it would "revert" to the estate of an individual who was then serving as a trustee of the church. In 2019, an attorney informed the church that he represented several individuals who were heirs of said trustee and were concerned that the property was not being used in a manner consistent with the deed. Thus, the church filed the instant complaint and sought a declaration that the restriction in the deed was no longer valid and enforceable, or in the alternative, it had not violated the restriction by utilizing the property in a manner inconsistent with the deed. The parties filed cross motions for partial summary judgment on the issues surrounding the validity of the deed restriction. The trial court granted partial summary judgment to the defendants, concluding that the restriction remained enforceable. Thus, the trial court noted that the remaining issue to be decided was whether the church had adhered to the applicable restriction. The church filed a motion asking the trial court to either certify its partial summary judgment order as final pursuant to Tennessee Rule of Civil Procedure 54.02 or grant it permission to seek an interlocutory appeal pursuant to Tennessee Rule of Appellate Procedure 9. Before this motion was heard, however, an agreed order was entered certifying the trial court's partial summary judgment order as final pursuant to Rule 54.02. The church appealed. We conclude that the trial court improvidently certified its order as final and dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and JOHN W. MCCLARTY, J., joined.

Joshua R. Denton and Tonya J. Austin, Brentwood, Tennessee, for the appellant, Nashville Church of Christ, Inc., as successor-in-interest to Central Church of Christ.

John O. Belcher, Elizabeth R. Sykes, and William H. Lassiter, Jr., Brentwood, Tennessee, for the appellees, Amy Grant Gill and Andrew M. Burton, as co-administrators of the Estate of A.M. Burton; Nelson Lynch Burton; A.M. Burton, II; George Edward Spain; Kathleen Grant Harrell and Mimi Grant-Verner, as co-trustees of the Burton P. Grant 2020 Revocable Trust; Mimi Grant-Verner; Carol Grant-Nuismer; Kathy Grant Harrell; Amy Lee Grant-Chapman-Gill; Jean Walker Campbell; Michael Armstrong Burton; David M. Dunlap, as the personal representative of the Estate of Mary Burton-Dunlap; Leslie Burton; Dr. Sloan Burton; Lissa (Burton) Copesky; Elizabeth Carol Burton Roark; Larry Roberts; Alexander Roberts; Elissa Spiller; Amy Morrison; Captain Dexter Morrison; Sydney G. Roberts; Eric W. Roberts; and Patricia L. Clark-Palmer.


**OPINION**

### I.   FACTS & PROCEDURAL HISTORY

In 2020, this lawsuit was filed by Nashville Church of Christ, Inc., as successor-in-interest to Central Church of Christ, in an effort to quiet title and obtain declaratory and injunctive relief concerning the property where its church building is located in downtown Nashville. In 1925, Mr. and Mrs. Oliver Timothy had sold the property for $36,500 to the trustees of Central Church of Christ (A.M. Burton, J.E. Acuff, and C.E.W. Dorris), for and on behalf of Central Church of Christ. The deed stated that the purpose of the conveyance was to preserve the property for the benefit and use of the Church of Christ and if at any time the property ceased to be used for the purposes and objects described therein, in that event it would "revert" to the "estate" of A.M. Burton. The parties to this appeal agree that the Estate of A.M. Burton held an unvested executory interest in the property following execution of this deed. After the death of A.M. Burton in 1966, his estate became subject to administration in Davidson County, and it was closed in 1968. Mr. Burton's will left the residue of his estate to his widow, Lillie Burton. In 1970, Mrs. Lillie Burton had executed a document purporting to remove "all restrictions, limitations, conditions and provisions that in any way restrict the use, occupancy and disposition of said real estate" from the 1925 deed and "clear the title to the real estate" in light of the "love and regard" she had for the church. Thus, in Count I of its complaint, the church asked the trial court to declare that the restriction in the deed had been released, waived, or voided, that the church was the sole and absolute fee simple owner, and that the defendants had no interest in the property. For Count II of its complaint, in the event that the court found the restriction was not released, waived, or voided, the church alternatively asked the court to declare that it had used and continued to use the church property solely for the benefit of the Church of Christ, it had not violated the restriction, and it remained the fee simple

owner subject to the restriction. The complaint stated that it was filed against all known and unknown heirs of Lillie Burton and named numerous defendants.[1]

The defendants filed a counterclaim against the church, seeking a declaration that the restriction remained valid and enforceable and that it had been violated by the church, causing the property to vest in the estate. The church then filed a motion for summary judgment as to the validity of the restriction, asserting that the church owned the property in fee simple due to the release executed by Lillie Burton in an effort to clear the title. In response, the defendants filed a motion for partial summary judgment, arguing that the deed restriction remained valid and enforceable for various reasons. The defendants clarified that all issues regarding whether the deed restriction had been violated would be "reserved for future proceedings."

After a hearing on the cross motions, the trial court entered partial summary judgment in favor of the defendants. The trial court found it undisputed that the deed created an unvested executory interest, but it found that the unvested executory interest did not pass to Lillie Burton upon her husband's death, so she was not authorized to release the restriction, and the document she executed was ineffective. The court concluded that the interest "remained with the Estate of A.M. Burton, and not an individual or ascertainable person," until such time as the restriction was violated, if at all. The remaining issue to decide, then, was whether the church had adhered to the restriction. The trial court directed the parties to submit a proposed agreed scheduling order for discovery and dispositive motions on the issue of whether the church had met the conditions in the deed.

The church filed a motion asking the court to either certify its order as final pursuant to Tennessee Rule of Civil Procedure 54.02 or grant it permission to seek an interlocutory appeal pursuant to Tennessee Rule of Appellate Procedure 9. The trial court established a briefing schedule for the pending motion, but prior to the date for submitting any opposition to the motion, an agreed order was submitted indicating the parties' agreement to certifying the partial summary judgment order as final pursuant to Rule 54.02. The trial court entered the agreed order, and the church filed a timely notice of appeal to this Court.

## II. DISCUSSION

---

[1] Amy Grant Gill and Andrew M. Burton, as co-administrators of the Estate of A.M. Burton, petitioned for the re-opening of the Estate of A.M. Burton for the purpose of asserting a potential interest in the property in this action. The Estate of A.M. Burton was re-opened on November 20, 2020, and the co-administrators were added as additional defendants by an amended complaint.

We note that the majority of the defendants are jointly represented by counsel, but counsel did clarify in the trial court and on appeal that a few defendants did not participate in this lawsuit or have died. For clarity, this opinion will refer to the "defendants" as the majority of the defendants who participated in this lawsuit, as the few remaining defendants do not impact our decision on appeal.

Generally, review on appeal extends only to the issues presented for review; however, appellate courts "shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review[.]" Tenn. R. App. P. 13(b). "Lack of appellate jurisdiction cannot be waived." *Ingram v. Wasson*, 379 S.W.3d 227, 237 (Tenn. Ct. App. 2011) (citing *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996)). "Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) (citing *Aetna Casualty & Surety Co. v. Miller*, 491 S.W.2d 85 (Tenn. 1973)). In this context, a "'final judgment' refers to a trial court's decision adjudicating all the claims, rights, and liabilities of all the parties." *Discover Bank v. Morgan*, 363 S.W.3d 479, 488 n.17 (Tenn. 2012) (citing Tenn. R. App. P. 3(a)). A final judgment resolves all issues and leaves "nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]n order that adjudicates fewer than all of the claims, rights, or liabilities of all the parties is not final[.]" *Id.* Clearly, the trial court in the case at bar has not resolved all the issues in a final order.

Tennessee Rule of Appellate Procedure 3(a) provides, in pertinent part:

> *Except as otherwise permitted in rule 9 and in Rule 54.02* Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

(emphasis added). Here, the trial court entered an agreed order certifying its ruling as final pursuant to Rule 54.02, and it stated that all remaining requests, regarding Rule 9, were withdrawn by the church and deemed moot. Therefore, we must determine whether the requirements were met to proceed under Rule 54.02.

Rule 54.02 serves as "an exception to Rule 3 that permits the trial court, without permission from the appellate court, to certify an order as final and appealable, even if parts of the overall litigation remain pending in the trial court." *Johnson v. Nunis*, 383 S.W.3d 122, 130 (Tenn. Ct. App. 2012). Rule 54.02 provides, in relevant part:

> (1) When more than one claim for relief is present in an action, . . . or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or

- 4 -

the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Essentially, this Rule allows a trial court, in certain circumstances, "to convert an interlocutory ruling into an appealable order." *Mann v. Alpha Tau Omega Fraternity*, 380 S.W.3d 42, 49 (Tenn. 2012). However, "Rule 54.02 does not apply to all orders that are interlocutory in nature." *Konvalinka v. Am. Int'l Grp., Inc.*, No. E2011-00896-COA-R3-CV, 2012 WL 1080820, at *3 (Tenn. Ct. App. Mar. 30, 2012). An interlocutory order can only be certified as final under Rule 54.02 "in limited circumstances." *Johnson*, 383 S.W.3d at 130. Thus, "the trial court's authority to direct the entry of a final judgment is not absolute." *Brentwood Chase Cmty. Ass'n v. Truong*, No. M2014-01294-COA-R3-CV, 2014 WL 5502393, at *2 (Tenn. Ct. App. Oct. 30, 2014) (citing *Crane v. Sullivan*, No. 01A01-9207-CH-00287, 1993 WL 15154, at *1-2 (Tenn. Ct. App. Jan. 27, 1993)). "Orders certifying interlocutory judgments as final 'should not be entered routinely' and 'cannot be routinely entered as a courtesy to counsel.'" *Harris v. Chern*, 33 S.W.3d 741, 746 n.3 (Tenn. 2000) (quoting *Huntington Nat'l Bank v. Hooker*, 840 S.W.2d 916, 921 (Tenn. Ct. App. 1991)). Likewise, "Tennessee Rule of Civil Procedure 54.02 does not provide a 'fast track' alternative to Tennessee Rule of Appellate Procedure 9." *Tucker v. Capitol Records, Inc.*, No. M2000-01765-COA-R3-CV, 2001 WL 1013085, at *7 (Tenn. Ct. App. Sept. 6, 2001) (citing *Bayberry Assocs.*, 783 S.W.2d 553; *Mosier v. Mosier*, 1989 WL 22832 (Tenn. Ct. App. Mar. 17, 1989); *Williams v. New York Times Broad. Servs., Inc.*, 1988 WL 27257 (Tenn. Ct. App. Mar. 23, 1988); *General Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022 (6th Cir. 1994)).

Because Rule 54.02 allows a trial court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties," Tenn. R. Civ. P. 54.02, the order certified as final must be dispositive of either an entire claim or a party. *Bayberry*, 783 S.W.2d at 558. The Rule also requires "an express determination that there is no just reason for delay." Tenn. R. Civ. P. 54.02. Accordingly, "[t]wo prerequisites exist for the certification of a final judgment: (1) the order must eliminate one or more but fewer than all of the claims or parties, and (2) the order must expressly direct the entry of final judgment upon an express finding of 'no just reason for delay.'" *Coleman v. Tenn. Bd. of Parole*, No. M2016-00410-COA-R3-CV, 2016 WL 6248027, at *4 (Tenn. Ct. App. Oct. 25, 2016) (citing *FSGBank, N.A. v. Anand*, No. E2011-00168-COA-R3-CV, 2012 WL 554449, at *4 (Tenn. Ct. App. Feb. 21, 2012)).

Accordingly, appellate courts "review a trial court's Rule 54.02 certification of a judgment as final using a dual standard of review." *Id.* (citing *King v. Kelly*, No. M2015-02376-COA-R3-CV, 2016 WL 3632761, at *3 (Tenn. Ct. App. June 28, 2016); *Brown v. John Roebuck & Assocs., Inc.*, No. M2008-02619-COA-R3-CV, 2009 WL 4878621, at *5 (Tenn. Ct. App. Dec. 16, 2009)). The preliminary determination as to "whether a particular

order disposes of a distinct and separable 'claim' that is subject to Rule 54.02 certification is a question of law reviewed *de novo*." *Id.* (citing *Ingram*, 379 S.W.3d at 238; *Brown*, 2009 WL 4878621, at *5). "If the trial court certifies a judgment as final, but it is not conclusive as to an entire claim or party, an appeal from it will be dismissed even though the trial court decided to treat the order as final." *Id.* (citing *FSGBank*, 2012 WL 554449, at *4). In the absence of an adjudication as to one entire claim or party, "Rule 54.02 is simply inapplicable." *Id.* (citing *King*, 2016 WL 3632761, at *4). If the order does properly dispose of one claim or party, appellate courts then "determine whether 'there is no just reason for delay' within the meaning of Rule 54.02," reviewing the trial court's determination under an abuse of discretion standard. *Id.* (citing *King*, 2016 WL 3632761, at *3; *Ingram*, 379 S.W.3d at 238).

To meet the first requirement, "the order at issue must dispose of at least one entire claim or resolve all of the claims against at least one party." *E Sols. for Buildings*, *LLC v. Knestrick Contractor, Inc.*, No. M2017-00732-COA-R3-CV, 2018 WL 1831116, at *3 (Tenn. Ct. App. Apr. 17, 2018) *perm. app. denied* (Tenn. Aug. 9, 2018) (citing *Konvalinka*, 2012 WL 1080820, at *3). The order entered in this case does not dispose of any party. Before the trial court, the church contended that Rule 54.02 certification was appropriate because the partial summary judgment order resolved "one of multiple issues." Specifically, the church argued that the order resolved "Count I" of its complaint, regarding the validity of the deed restriction, and so there was "nothing left for [the trial court] to do with respect to that claim." The church insisted that "Count II" of its complaint, regarding whether the deed restriction was violated, was "wholly unrelated to" Count I. The agreed order certifying the ruling as final likewise stated that the partial summary judgment order was "dispositive of Count I" of the church's complaint and the defendants' counterclaim, and therefore, Rule 54.02 certification was proper. So, we will limit our discussion to whether the order resolved at least one entire "claim" within the meaning of Rule 54.02. Again, "[t]his Court looks *de novo* at whether the judgment certified as final under Rule 54.02 is in fact as to a separate claim, appropriate for such certification." *Ingram*, 379 S.W.3d at 238.

"For purposes of Rule 54.02, a single 'claim' is defined as 'the aggregate of operative facts which give rise to a right enforceable in the courts,' even though different theories of liability may have been asserted." *Adkins v. Adkins*, No. M2018-00890-COA-R3-CV, 2020 WL 9602029, at *4 (Tenn. Ct. App. Dec. 22, 2020) (quoting *Tucker,* 2001 WL 1013085, at *8). Thus, "'separate causes of actions or counts in a complaint that arise out of the same series of closely related factual occurrences constitute one claim for the purposes of Rule 54.02.'" *Fed. Nat'l Mortg. Ass'n v. Quarles*, No. M2015-01620-COA-R3-CV, 2016 WL 5723957, at *6 (Tenn. Ct. App. Sept. 30, 2016) (quoting *Carr v. Valinezhad*, No. M2009-00634-COA-R3-CV, 2010 WL 1633467, at *3 (Tenn. Ct. App. Apr. 22, 2010)). Rule 54.02 "'cannot be used to appeal a part of a single claim or . . . to test a single legal theory of recovery.'" *Coleman*, 2016 WL 6248027, at *5 (quoting *Christus Gardens, Inc. v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.*, No.

M2007-01104-COA-R3-CV, 2008 WL 3833613, at *5 (Tenn. Ct. App. Aug. 15, 2008)).

Some examples are helpful to illustrate these points. In *Duffer v. Lawson*, No. M2009-01057-COA-R3-CV, 2010 WL 3488620, at *1 (Tenn. Ct. App. Sept. 3, 2010), the executrix of a decedent's estate filed suit against the decedent's surviving spouse seeking a determination as to ownership of property. The surviving spouse counterclaimed, asserting various theories of ownership. *Id.* The trial court dismissed the counterclaim to the extent it sought fee simple ownership of the property. *Id.* The court certified this order as final under Rule 54.02, even though other issues as to ownership were reserved. *Id.* at *3-4. On appeal, we explained that the trial court's ruling did not resolve a distinct "claim" for purposes of Rule 54.02, meaning, "the aggregate of operative facts which give rise to a right enforceable in the courts." *Id.* at *6. We said:

> The case at bar concerns a dispute over the ownership of real property that has been the subject of multiple transfers among family members. In her counterclaim, Mrs. Lawson asserts an ownership interest in the Northridge property based on a potpourri of legal theories. Resolution of her claim to an ownership interest is predicated on the same aggregate of operative facts, *i.e.* the circumstances surrounding the multiple documents concerning the ownership of the Northridge property. Eliminating the legal theories that would result in fee simple ownership does not constitute resolution of a "claim."

*Id.* As a result, the trial court's order did not enter judgment on a "claim" for purposes of Rule 54.02, and we dismissed the appeal for lack of subject matter jurisdiction. *Id.*

In *Infinity Homes, Inc. v. Horizon Land Title, Inc.*, No. M2022-00829-COA-R3-CV, 2023 WL 3884723, at *1 (Tenn. Ct. App. June 8, 2023), purchasers of real property filed suit against a title company, asserting five counts based on the title company's alleged failure to disclose the existence of a *lien lis pendens* on the lots. The trial court dismissed all but one of the counts and certified its order as final under Rule 54.02. *Id.* On appeal, we explained that this was impermissible:

> Despite the assertion of different theories of liability, the concept of a "claim" denotes the aggregate of operative facts that give rise to a right enforceable in the courts. *Brown*, 2009 WL 4878621, at *6. The trial court's order of partial dismissal disposed of all claims against Fidelity except count VII. However, all of the "counts" set out in Appellants' amended complaint involve a single aggregate of operative facts—*i.e.*, the respective duties of the defendants in regard to the *lien lis pendens* in effect at the time of Appellants' purchase of the subject lots—and therefore constituted a single claim for purposes of Rule 54.02. Although Appellants pursue relief under different theories, all of their claims arise out of the same transaction, *i.e.*,

the purchase of the lots.

> As *Christus Gardens* demonstrates, "trial courts may not certify as final a decision that adjudicates only some of the legal theories upon which a plaintiff bases his or her case." *Paul v. Watson*, No. W2011-00687-COA-R3-CV, 2012 WL 344705, at *4 (Tenn. Ct. App. Feb. 2, 2012). "'[A] complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief.'" *Christus Gardens*, 2008 WL 3833613, at *5 (quoting *Liberty Mut.* [*Ins. Co. v. Wetzel*, 424 U.S. 737, 743 (1976)]. "[S]eparate causes of action or counts in a complaint that arise out of the same series of closely related factual occurrences constitute one claim for the purposes of Rule 54.02." *Carr*, 2010 WL 1633467, at *3. Here, Appellants' claims for relief are based on the same aggregate of operative facts and constituted a single claim for purposes of Rule 54.02. Accordingly, we conclude that Rule 54.02 is ineffective to permit an appeal of some of Appellants' theories without disposing of all of them. *Christus Gardens*, 2008 WL 3833613, at *5.

*Id.* at *5. *See also Brentwood Chase Cmty. Ass'n*, 2014 WL 5502393, at *1-2 (holding that a complaint alleging violations of three different rules of a homeowners association constituted a single claim for purposes of Rule 54.02); *Carr*, 2010 WL 1633467, at *1, *4 (explaining that a suit to invalidate a series of transactions and alleged gifts, asserting eight counts including breach of fiduciary duty, undue influence, conversion, fraud, conspiracy, unjust enrichment, exploitation, etc., arose out of "the same aggregate of operative facts – the alleged improper and systematic exercise of undue influence over Ms. Carr and her finances"); *Tucker*, 2001 WL 1013085, at *10 (explaining that the relationship between the parties involved a single aggregate of operative facts, regardless of whether it established breach of contract, termination of contract, or alternative tort liability).

Keeping these principles in mind, it is clear that the trial court's partial summary judgment order on Count I did not resolve a separable "claim" between the parties. Despite the fact that the complaint and counter-complaint set forth two separate "counts," regarding the validity of the deed restriction and whether the deed restriction was violated, these counts are based on the same aggregate of operative facts and constitute a single claim for purposes of Rule 54.02. "The court's order, therefore, does not dispose of one or more but fewer than all of the claims before it and is not certifiable as a matter of law under Rule 54.02." *Carr*, 2010 WL 1633467, at *4. "Without a final adjudication of at least one claim, Rule 54.02 is simply inapplicable." *Coleman*, 2016 WL 6248027, at *4 (citing *King*, 2016 WL 3632761, at *4).

As we have said before under similar circumstances: "We would like nothing more than to bring about a final resolution of this litigation. Alas, it is not to be." *City of Jackson v. Hersh*, No. W2008-02360-COA-R3-CV, 2009 WL 2601380, at *4 (Tenn. Ct. App. Aug. 25, 2009) (quoting *Grand Valley Lakes Prop. Owners' Ass'n, Inc. v. Gunn*, W2008-01116-

COA-R3-CV, 2009 WL 981697, at \*4 (Tenn. Ct. App. Apr. 13, 2009)). It is clear from the record in this case that the church initially sought the trial court's permission for interlocutory appeal, but subsequently abandoned that request. "Where an interlocutory order is not appropriate for Rule 54.02 certification but the trial court desires immediate appellate review of the order, the trial court may grant permission for interlocutory appeal of the order pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure." *Konvalinka*, 2012 WL 1080820, at \*3 n.7. However, "permission for the interlocutory appeal must also be granted by the appellate court." *Id.*

### III. CONCLUSION

For the aforementioned reasons, this appeal is hereby dismissed. Costs of the appeal are taxed one-half to the appellants and one-half to the appellees, for all of which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE