# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
November 13, 2024 Session

## TERENCE S. ROBERTS, ET AL. v. KENTUCKY NATIONAL INSURANCE CO., ET AL.

### Appeal from the Circuit Court for Madison County
### No. C-23-78  Joseph T. Howell, Judge

_____

### No. W2023-01524-COA-R3-CV

_____

The plaintiffs filed this lawsuit against seven defendants. Their complaint asserted various counts arising out of the defendants' involvement with a water loss claim the plaintiffs had reported to their insurer. Four of the defendants moved to dismiss the complaint. The trial court granted their motions and simply stated at the end of its order of dismissal, "This is a final and appealable order and there is no just cause for delay." The plaintiffs filed a notice of appeal. This Court entered two show cause orders, directing the appellants to either obtain a final judgment or show cause why this appeal should not be dismissed. We then entered an order deferring the matter to the panel of the Court deciding this appeal. We conclude that the trial court improvidently certified its order as final and dismiss this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY W. ARMSTRONG, J., joined.

Drayton D. Berkley, Memphis, Tennessee, for the appellants, Terence Roberts and Temkio Roberts.

Elizabeth M. Bass and Hunter J. Foote, Hendersonville, Tennessee, for the appellees, Kentucky National Insurance Company, Allen Faber, and Jeremy Spencer.

Kelsey W. McKinney and Jennie Vee Silk, Memphis, Tennessee, and Andrew Roach, Atlanta, Georgia, for the appellee, Crawford & Company.

## OPINION

# I. FACTS & PROCEDURAL HISTORY

In March 2023, Terence and Temkio Roberts ("Plaintiffs") filed this lawsuit against seven defendants who were involved with a water loss claim Plaintiffs had reported to their insurer. The complaint described the defendants as: Kentucky National Insurance Company; TW Claims Group; Crawford & Company; and four individual adjusters or inspectors – Darrel Reaves, Allan Faber, Dustin Richmond, and Jeremy Spencer. The complaint asserted four separate counts against the defendants: (1) appointment of an umpire pursuant to the insurance policy; (2) breach of contract; (3) punitive damages; and (4) unlawful insurance acts pursuant to Tennessee Code Annotated section 56-53-103. Plaintiffs sought the appointment of a neutral umpire as well as compensatory and punitive damages. They alleged that "Defendants, independently and through Crawford & Company, TW Claims Group, and their employees intentionally and knowingly failed to properly investigate the loss and pay for personal property damages, incurred mitigation costs, and the necessary line items to effectuate proper repairs and replacement as agreed in the contract." Plaintiffs also asserted that "[t]he actions of KNIC, TW Claims Group, Crawford, Richmond, Reaves, Spencer, and Faber were, and are, a pattern or practice of violations, and attempted violations, found in Tenn. Code Ann. § 56-53-103 that Tenn. Code Ann. § 56-53-107 authorizes and entitles the Plaintiff to treble damages."

Crawford & Company moved to dismiss the claims against it. A separate motion to dismiss was jointly filed by defendants Kentucky National, Allen Faber, and Jeremy Spencer. In September 2023, the trial court entered an order granting the motions to dismiss filed on behalf of these four defendants -- Kentucky National, Allen Faber, Jeremy Spencer, and Crawford & Company. The trial court found that the complaint failed to state a claim for appointment of an umpire and breach of contract as to Kentucky National because the complaint did not aver that all conditions precedent were met prior to filing suit. The court also found that the complaint failed to state a claim for appointment of an umpire and breach of contract as to Crawford & Company, Allen Faber, and Jeremy Spencer because those defendants were not a party to the insurance policy at issue. In addition, the trial court found that the complaint failed to state a claim for unlawful insurance acts pursuant to Tennessee Code Annotated section 56-53-103 because the statute creates a claim for statements made by or on behalf of *an insured* to an insurance company, but Plaintiffs alleged that Kentucky National, Crawford & Company, Allen Faber, and Jeremy Spencer made incorrect statements. As such, the trial court found that the alleged acts or omissions did not qualify as an unlawful insurance act under the statute because they were not statements made by or on behalf of an insured *to* an insurance company. The trial court found that treble damages under the Act were not available in the absence of a viable claim for an unlawful insurance act or for the particular type of claim asserted by Plaintiffs in any event. Finally, the trial court found that punitive damages were not available to Plaintiffs for a breach of insurance contract claim. Thus, the trial court dismissed all claims asserted against these four defendants with prejudice.

The final sentence of the order stated, "This is a final and appealable order and there is no just cause for delay." Plaintiffs filed a notice of appeal to this Court.

The remaining three defendants, TW Claims Group, Dustin Richmond, and Darrel Reaves, had not filed an answer or a motion to dismiss, so all claims against them remained pending. As such, this Court entered a show cause order stating that it did not appear to this Court that the order appealed was a final judgment adjudicating all the claims against all the parties. Specifically, we noted, the order appealed did not resolve any claims against TW Claims Group, Dustin Richmond, or Darrel Reaves. We directed the appellants to either supplement the record with a final judgment or otherwise show cause why this appeal should not be dismissed for lack of jurisdiction. Plaintiffs filed a response, simply stating that the trial court had certified its order as final pursuant to Rule 54.02, and therefore, this Court had jurisdiction. In the event that this Court determined that certification was improper, Plaintiffs asked this Court to vacate the order of dismissal and remand for further proceedings.

Upon consideration of Plaintiffs' response, this Court entered a second show cause order. We deemed Plaintiffs' response to our initial show cause order as "not responsive" because it did not supplement the record with a final judgment or provide any explanation as to whether the attempted certification pursuant to Rule 54.02 was proper. We reiterated that the order appealed did not resolve any of the claims asserted against three of the named defendants, and though it did state that the order was "final and appealable" and "there is no just cause for delay," it did not provide any reasoning or basis for this finding. Accordingly, we directed Plaintiffs to either supplement the record with a final judgment, explain whether the attempted certification was proper pursuant to Rule 54.02, or otherwise show cause why the appeal should not be dismissed.

Plaintiffs filed a second response, to our second order, repeating their position that the order of dismissal was properly certified as final under Rule 54.02. They argued that the order disposed of "most of the claims and the parties" and directed entry of judgment with no just reason for delay. Plaintiffs acknowledged that courts look to certain factors to determine whether there is just reason for delay, which the trial court failed to mention, but Plaintiffs analyzed those factors and suggested that certification was proper. They conceded that the same claims that were asserted against the dismissed defendants remained pending against the other defendants. However, Plaintiffs suggested that this appeal should proceed because this Court's adjudication of the issues on appeal "would necessarily resolve the claims against the other defendants as well." Specifically, they claimed that if this Court affirmed the trial court's ruling, then the remaining defendants "will be released from the lawsuit in any event," and in the event of reversal, Plaintiffs suggested that the remaining defendants would have to defend against the claims "the same as the other defendants." According to Plaintiffs, "[t]here should be no reason to review most of these issues a second time[.]" Plaintiffs also asked this Court to consider their need for a timely resolution of their water loss claim dispute. However, in the event that this

Court determined that certification was improper, Plaintiffs again asked this Court to vacate the order of dismissal and remand for further proceedings.

This Court entered an order deferring the matter to the panel of this Court deciding the appeal.[1]

## II. DISCUSSION

Generally, review on appeal only extends to the issues presented for review; however, appellate courts "shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review[.]" Tenn. R. App. P. 13(b). "Lack of appellate jurisdiction cannot be waived." *Ingram v. Wasson*, 379 S.W.3d 227, 237 (Tenn. Ct. App. 2011) (citing *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996)). "Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) (citing *Aetna Casualty & Surety Co. v. Miller*, 491 S.W.2d 85 (Tenn. 1973)). In this context, a "'final judgment' refers to a trial court's decision adjudicating all the claims, rights, and liabilities of all the parties." *Discover Bank v. Morgan*, 363 S.W.3d 479, 488 n.17 (Tenn. 2012) (citing Tenn. R. App. P. 3(a)). A final judgment resolves all issues and leaves "nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "In contrast, an order that adjudicates fewer than all of the claims, rights, or liabilities of all the parties is not final[.]" *Id.* Clearly, the order appealed in this case was not final.

Tennessee Rule of Appellate Procedure 3(a) provides, in pertinent part:

> *Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure*, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

(emphasis added). "This rule enhances judicial economy and prevents 'piecemeal appeals in cases which should be reviewed only as single units.'" *Blackburn ex rel. Briton B. v. McLean*, No. M2019-00428-COA-R3-CV, 2020 WL 4432038, at *4 (Tenn. Ct. App. July

---

[1] This Court also entered an order directing Dustin Richmond, TW Claims Group, and Darrel Reaves to either file a brief in their posture as appellees or show cause why the appeal should not be submitted on the briefs filed and the record alone. Thereafter, Dustin Richmond and TW Claims Group submitted timely responses from which this Court gleaned that those three defendants claim to have not been properly served process in the trial court. However, there is nothing in the appellate record from the trial court regarding this issue.

31, 2020) (quoting *E Sols. For Buildings, LLC v. Knestrick Contractor, Inc.*, No. M2017-00732-COA-R3-CV, 2018 WL 1831116, at *4 (Tenn. Ct. App. Apr. 17, 2018)).  The appellants in this case did not seek to proceed pursuant to Rule 9, so we must consider whether the requirements were met to proceed under Rule 54.02.

Rule 54.02 serves as "an exception to Rule 3 that permits the trial court, without permission from the appellate court, to certify an order as final and appealable, even if parts of the overall litigation remain pending in the trial court." *Johnson v. Nunis*, 383 S.W.3d 122, 130 (Tenn. Ct. App. 2012).  Rule 54.02 provides, in relevant part:

> (1) When more than one claim for relief is present in an action, . . . or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

This Rule provides "a limited exception to the policy against piecemeal appeals, lest an injustice result from the delay in awaiting judgment of a distinctly separate claim until adjudication of the entire case." *Mann v. Alpha Tau Omega Fraternity*, 380 S.W.3d 42, 48 (Tenn. 2012).  Essentially, the Rule allows a trial court, in certain circumstances, "to convert an interlocutory ruling into an appealable order." *Id.* at 48-49.

As this Court has repeatedly emphasized, however, "Rule 54.02 does not apply to all orders that are interlocutory in nature." *Konvalinka v. Am. Int'l Grp., Inc.*, No. E2011-00896-COA-R3-CV, 2012 WL 1080820, at *3 (Tenn. Ct. App. Mar. 30, 2012).  An interlocutory order can only be certified as final under Rule 54.02 "in limited circumstances." *Johnson*, 383 S.W.3d at 130.  Thus, "the trial court's authority to direct the entry of a final judgment is not absolute." *Brentwood Chase Cmty. Ass'n v. Truong*, No. M2014-01294-COA-R3-CV, 2014 WL 5502393, at *2 (Tenn. Ct. App. Oct. 30, 2014) (citing *Crane v. Sullivan*, No. 01A01-9207-CH-00287, 1993 WL 15154, at *1-2 (Tenn. Ct. App. Jan. 27, 1993)).

"Orders certifying interlocutory judgments as final 'should not be entered routinely' and 'cannot be routinely entered as a courtesy to counsel.'" *Harris v. Chern*, 33 S.W.3d 741, 745 n.3 (Tenn. 2000) (quoting *Huntington Nat'l Bank v. Hooker*, 840 S.W.2d 916, 921 (Tenn. Ct. App. 1991)).  In *Harris*, our Supreme Court cautioned that its decision "should not be read as encouraging trial courts to certify interlocutory judgments as final

- 5 -

under Rule 54.02, thereby requiring a litigant to file an appeal while the remainder of the litigation is ongoing." *Id.* The Court explained that "[p]iecemeal appellate review is not favored," noting its inconvenience and costs. *Id.* Thus, the Tennessee Supreme Court has "discouraged the certification of interlocutory judgments as final, particularly if it results in piecemeal appellate review." *In re Est. of Smith*, No. W2023-00364-COA-R3-CV, 2024 WL 1406338, at *4 (Tenn. Ct. App. Apr. 2, 2024) (citing *Harris*, 33 S.W.3d at 745 n.3); *see also Tuturea v. Tenn. Farmers Mut. Ins. Co.*, W2006-02100-COA-R3-CV, 2007 WL 2011049, at *3 (Tenn. Ct. App. July 12, 2007) ("[O]ur Supreme Court has stated that it does not encourage the practice of 'certifying interlocutory judgments as final under Rule 54.02, thereby requiring a litigant to file an appeal while the remainder of the litigation is ongoing.'") (quoting *Harris*, 33 S.W.3d at 745 n.3). Likewise, Rule 54.02 "does not provide a 'fast track' alternative to Tennessee Rule of Appellate Procedure 9." *Tucker v. Capitol Records, Inc.*, No. M2000-01765-COA-R3-CV, 2001 WL 1013085, at *7 (Tenn. Ct. App. Sept. 6, 2001) (citing *Bayberry Assocs.*, 783 S.W.2d at 553; *Mosier v. Mosier*, 1989 WL 22832 (Tenn. Ct. App. Mar. 17, 1989); *Williams v. New York Times Broad. Servs., Inc.*, 1988 WL 27257 (Tenn. Ct. App. Mar. 23, 1988); *General Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022 (6th Cir. 1994)).

Because Rule 54.02 allows a trial court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties," Tenn. R. Civ. P. 54.02, the order certified as final must be dispositive of either an entire claim or a party. *Bayberry Assocs.*, 783 S.W.2d at 558. The Rule also requires "an express determination that there is no just reason for delay." Tenn. R. Civ. P. 54.02. Accordingly, "[t]wo prerequisites exist for the certification of a final judgment: (1) the order must eliminate one or more but fewer than all of the claims or parties, and (2) the order must expressly direct the entry of final judgment upon an express finding of 'no just reason for delay.'" *Coleman v. Tenn. Bd. of Parole*, No. M2016-00410-COA-R3-CV, 2016 WL 6248027, at *4 (Tenn. Ct. App. Oct. 25, 2016) (citing *FSGBank, N.A. v. Anand*, No. E2011-00168-COA-R3-CV, 2012 WL 554449, at *4 (Tenn. Ct. App. Feb. 21, 2012)). "Such orders must be supported by a record indicating why there is 'no just reason for delay,' and will preferably include specific findings of fact to that effect." *Harris*, 33 S.W.3d at 745 n.3. Tennessee appellate courts have listed several factors to be considered. *Ingram*, 379 S.W.3d at 238.

Appellate courts "review a trial court's Rule 54.02 certification of a judgment as final using a dual standard of review." *Coleman*, 2016 WL 6248027, at *4 (citing *King v. Kelly*, No. M2015-02376-COA-R3-CV, 2016 WL 3632761, at *3 (Tenn. Ct. App. June 28, 2016); *Brown v. John Roebuck & Assocs., Inc.*, No. M2008-02619-COA-R3-CV, 2009 WL 4878621, at *5 (Tenn. Ct. App. Dec. 16, 2009)). The preliminary determination as to whether a particular order disposes of a distinct and separable claim, or a party, such that it is subject to Rule 54.02 certification, is a question of law reviewed de novo. *Id.* (citing *Ingram*, 379 S.W.3d at 238; *Brown*, 2009 WL 4878621, at *5). "If the trial court certifies a judgment as final, but it is not conclusive as to an entire claim or party, an appeal from it will be dismissed even though the trial court decided to treat the order as final." *Id.* (citing

- 6 -

*FSGBank*, 2012 WL 554449, at *4). In the absence of an adjudication as to one entire claim or party, "Rule 54.02 is simply inapplicable." *Id*. (citing *King*, 2016 WL 3632761, at *4). If the order does properly dispose of one claim or party, "appellate courts then determine whether 'there is no just reason for delay' within the meaning of Rule 54.02," reviewing the trial court's determination under an abuse of discretion standard.[2] *Id.* (citing *King*, 2016 WL 3632761, at *3; *Ingram*, 379 S.W.3d at 238).

Here, the trial court's order of dismissal resolved all of the claims against four of the seven defendants. So, it met the first requirement of disposing of at least one party. However, that is not the end of the analysis. If an order properly disposes of one or more parties, "then we must determine whether there is no just reason for delay of appellate review utilizing the abuse of discretion standard of review." *Coleman*, 2016 WL 6248027, at *6 (citing *FSGBank*, 2012 WL 554449, at *3). "If after our review we determine that the trial court has, pursuant to Rule 54.02, improperly determined that 'no just reason for delay' exists, then the appeal must be dismissed." *Huntington Nat. Bank*, 840 S.W.2d at 922; *see, e.g.*, *Coleman*, 2016 WL 6248027, at *6 ("even though this dismissal of a party meets the first prerequisite for certification under Rule 54.02, we conclude that certification was inappropriate under the second step").

In the case before us, the exact same claims at issue on appeal – for appointment of an umpire, breach of contract, punitive damages, and unlawful insurance acts – remain pending in the trial court against the other three defendants. Thus, any subsequent orders in the trial court resolving those claims against the three remaining parties could be appealed at a later date. However, the trial court simply stated that there was "no just cause

---

[2] With reference to the second prong of the analysis, we explained in *Blackburn*, 2020 WL 4432038, at *5,

[T]he abuse of discretion standard of review does not permit a reviewing court to substitute its discretion for that of the trial court. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). Nevertheless, the abuse of discretion standard of review does not immunize a trial court's decision from any meaningful appellate scrutiny. *Id*.

> [R]eviewing courts should review a [trial] court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the [trial] court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the [trial] court's decision was within the range of acceptable alternative dispositions. When called upon to review a lower court's discretionary decision, the reviewing court should review the underlying factual findings using the preponderance of the evidence standard contained in Tenn. R. App. P. 13(d) and should review the [trial] court's legal determinations de novo without any presumption of correctness.

*Id*. at 524-25 (internal citations omitted).

for delay" without giving any explanation for its decision to certify the order as final. The factors to be considered are:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the [trial] court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Blackburn*, 2020 WL 4432038, at *5 (quoting *Brown*, 2009 WL 4878621, at *8). "Depending on the facts of the particular case, all or some of these factors may bear on the propriety of the trial court's discretion in certifying a judgment as final." *Coleman*, 2016 WL 6248027, at *7 (citing *Rich v. City of Chattanooga*, No. E2013-00190-COA-R3-CV, 2014 WL 1513349, at *12 (Tenn. Ct. App. Apr. 17, 2014)). Again, "[s]uch orders must be supported by a record indicating why there is 'no just reason for delay,' and will preferably include specific findings of fact to that effect." *Harris*, 33 S.W.3d at 745 n.3 (citing *Huntington Nat'l Bank*, 840 S.W.2d at 922).[3]

"Although trial courts have considerable discretion in making the determination that

---

[3] In *Huntington National Bank*, 840 S.W.2d at 920, an appellant argued that the trial court's failure to express any "rationale" for its certification under Rule 54.02 failed to satisfy the Rule's requirements and divested this Court of appellate jurisdiction. Looking to federal decisions for guidance, we acknowledged that the Sixth Circuit had held that "[a]bsent such an explanation, no deference was due the lower court's order, and the appellate court was 'without jurisdiction' to consider the appeal due to a lack of finality." *Id.* at 921 (quoting *Knafel v. Pepsi Cola Bottlers of Akron, Inc.*, 850 F.2d 1155, 1159 (6th Cir. 1988)). However, we explained that "the federal circuits are not unanimous in their holdings that articulated reasons for determining that there is no just reason for delay in directing entry of final judgment is jurisdictional." *Id.* at 921-22. Looking to Tennessee law, we found that a trial court must make an express determination that there is no just reason for delay. *Id.* at 922. However, we concluded,

> There is no requirement in Tennessee that the trial court state the underlying reasons for certification pursuant to Rule 54.02. We can think of no compelling reason to adopt such a rule. We do state that it is the better practice for the trial court to provide a finding of fact showing the basis of its decision to grant the Rule 54.02 certification.

*Id.* So, "[t]hough preferred, the trial court is not required to make specific factual findings in support of its conclusion that there is 'no just reason for delay[,]' but it must be apparent from the record." *In re Est. of Smith*, 2024 WL 1406338, at *3 (citing *Huntington Nat'l Bank*, 840 S.W.2d at 922); *see also Chattanooga-Hamilton Cnty. Hosp. Auth. v. UnitedHealthcare Plan of the River Valley, Inc.*, No. M2022-01543-COA-R3-CV, 2025 WL 657967, at *5 (Tenn. Ct. App. Feb. 26, 2025) ("The trial court was not required to explain its decision. *See Huntington Nat'l Bank*[, 840 S.W.2d at 922]. However, the court's rationale for concluding that there was no just reason for delay should be apparent from the record.") (quotation omitted).

there is no just reason to delay appellate review, such a determination is subject to reversal if the court 'fails to weigh and examine the competing factors involved in the certificat[ion] decision.'" *Fed. Nat'l Mortg. Ass'n v. Quarles*, No. M2015-01620-COA-R3-CV, 2016 WL 5723957, at *6 (Tenn. Ct. App. Sept. 30, 2016) (quoting *GenCorp.*, 23 F.3d at 1030); *see, e.g.*, *FSGBank*, 2012 WL 554449, at *7 ("the failure of the Trial Court to consider several of the [] factors, demonstrates that the Trial Court abused its discretion in certifying the partial judgment as final"). Our deference to the trial court's determination "'rests on the assumption that, in reaching the certification decision, the trial court has weighed the factors listed above.'" *Rich*, 2014 WL 1513349, at *13 (quoting *FSGBank*, 2012 WL 554449 at *5).

When the factors set forth in these cases are considered, we conclude that it was inappropriate to certify the order of dismissal as final to allow a separate appeal at this stage of the proceeding. Regarding the first factor, the relationship between the adjudicated and the unadjudicated claims, the court must "'consider whether the factual issues at the heart of the claims [are] distinct' in order to permit Rule 54.02 certification." *Coleman*, 2016 WL 6248027, at *7 (quoting *FSGBank*, 2012 WL 554449, at *6). Here, of course, the adjudicated and unadjudicated claims are precisely the same and arise out of the same facts. The factual issues at the heart of the claims are the same. *See Quarles*, 2016 WL 5723957, at *7 ("[T]he adjudicated and unadjudicated claims arise out of the same facts, and the possibility exists that this court would be faced with duplicative appeals based upon the same facts.") (quotation omitted). The court should also consider "'the extent to which the inquiry into applicable law for each claim would involve duplication of effort if done separately.'" *Coleman*, 2016 WL 6248027, at *7 (quoting *FSGBank*, 2012 WL 554449, at *6). Because of the factual *and* legal connection between the resolved and unresolved claims here, separate appeals would require us to examine the same issues in the same factual context twice. "This Court may conclude that Rule 54.02 certification was improvidently granted where 'the issue which the trial court declared final and appealable is inextricably linked with the remaining issues not yet decided.'" *Ingram*, 379 S.W.3d at 238 (quoting *Crane*, 1993 WL 15154, at *2); *see, e.g.*, *Cross v. River Sound Homeowners Ass'n, Inc.*, No. E2019-01183-COA-R3-CV, 2020 WL 1042647, at *3 (Tenn. Ct. App. Mar. 4, 2020) ("The rights at issue on appeal are clearly linked with the undecided issue of damages, and as such, should be entertained by this Court, if at all, together, not in successive appeals.").

For instance, in *Johnson v. Tanner-Peck, L.L.C.*, No. W2009-02454-COA-R3-CV, 2011 WL 1330777, at *6 n.8 (Tenn. Ct. App. Apr. 8, 2011), we explained that Rule 54.02 certification of a summary judgment order was inappropriate where "the same legal right was asserted against party defendants who were *not* included in the summary judgment order, in that [the plaintiff] asserted against *all* defendants the same 'aggregate of operative facts which give rise to a right enforceable in the courts.'" (quoting *Christus Gardens, Inc. v. Baker, Donelson, Bearman*, No. M2007-01104-COA-R3-CV, 2008 WL 3833613, at *5 (Tenn. Ct. App. Aug. 15, 2008)) (emphasis added). Similarly, in *Coleman*, we deemed

Rule 54.02 certification inappropriate under the second step of the analysis where the plaintiff asserted the same "counts" against a single dismissed party as he alleged against eight other defendants "who were not dismissed from the lawsuit." 2016 WL 6248027, at *6-7. Those counts all arose out of the same facts and required application of the same law, "evidencing a significant factual and legal connection that weigh[ed] against severance of the counts against the [single dismissed defendant]." *Id.* at *7. Allowing the appeals to proceed separately could have required this Court to examine the same issues twice, so there was "ample reason to delay appellate review of the order of partial dismissal." *Id.*

Likewise, in *Blackburn*, 2020 WL 4432038, at *1, we vacated a Rule 54.02 certification of an order summarily dismissing claims against a hospital where the plaintiff's claims against an emergency room physician were left unresolved because any decision we made regarding the adjudicated claims against the hospital might "encroach upon the unadjudicated claims to be tried against the emergency room physician" and there was "no basis upon which to conclude that an injustice may result from the delay in awaiting adjudication of the entire case." We explained that reviewing the summary judgment order against the hospital would require us to consider a particular issue, and "[d]eciding that issue now could lead to an unjust result, considering the claims that are still pending in the trial court against [the physician]." *Id.* at *6. In fact, the trial court had recognized this possible consequence in its order, noting that if this Court affirmed its decision on that particular issue, then the case against the physician would be dismissed. *Id.* In light of these implications, we concluded that Rule 54.02 certification was inappropriate, "[r]ealizing that our decision in this appeal could lead to an unjust result because of the claims that are still pending in the trial court against [the physician], and the possibility that we may be obliged to consider the same issue a second time[.]" *Id.* (quotations omitted).

The remaining factors for consideration do not lead us to conclude that certification is appropriate to enable separate appeals in this case. *See Williams v. Tenn. Farmers Life Reassurance Co.*, No. M2010-01689-COA-R3-CV, 2011 WL 1842893, at *6 (Tenn. Ct. App. May 12, 2011) (observing that "many matters would be 'expedited' by appeals of interlocutory orders of a trial court," but "[a]s we have noted in the context of Rule 54.02, judicial economy alone does not justify abandoning the requirement of finality"). Rule 54.02 seeks to "'prevent piecemeal appeals in cases which should be reviewed only as single units.'" *E Sols. for Buildings*, 2018 WL 1831116, at *3 (quoting *Cates v. White*, No. 03A01-9104-CH-00130, 1991 WL 168620, at *3 (Tenn. Ct. App. Sept. 4, 1991)). We perceive no reason why the parties should not await the disposition of the entire case before obtaining appellate review.

Although Plaintiffs suggested, in response to our show cause order, that this Court should go ahead and review the merits of the appeal because our decision on these issues "would necessarily resolve the claims against the other defendants as well," those

defendants do not have the opportunity to participate in this appeal. Plaintiffs suggested that if this Court reversed the trial court's decision, "then [the remaining defendants] will have to defend the same as the other defendants." However, as noted in *Federal Practice and Procedure*, "[p]resent decision [] may be found inappropriate if there is a danger that parties who remain in the district court will be harmed without having had an opportunity to participate in the appeal." 15A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 3914.7.3 (3d ed.); *see, e.g.*, *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 62 (6th Cir. 1986) ("The record indicates the plaintiffs proceed on similar legal theories against each defendant . . . . The plaintiffs' claims against each defendant are also based on the same general factual allegations. A determination by us of the issues involving National Bank of Detroit, which are common to Cunningham and Aetna, might result in prejudice to Cunningham and Aetna because they would not have had an opportunity to participate in the determination of those issues before us. On the other hand, postponement of appeal until the remaining claims have been adjudicated presents no danger of prejudice, hardship or injustice to any of the parties."); *see also Taco John's of Huron, Inc. v. Bix Produce Co., LLC*, 569 F.3d 401, 402-03 (8th Cir. 2009) ("Here, the district court's certification was evidently based on the fact that a resolution of the issue of Bix's liability would have the effect of resolving the question of possible liability as to all the other defendants because the claims against all defendants were based on the same theory. We do not doubt that our resolution of this appeal would provide guidance to the parties and the court below. But the possibility that an early intervention might be helpful does not amount to the kind of justification for exercising jurisdiction that our relevant cases require."). Thus, contrary to the trial court's finding of no just reason for delay, "we find no just reason why an appeal should not await the resolution of all remaining issues." *Brentwood Chase Cmty. Ass'n*, 2014 WL 5502393, at *2.

Based upon our review of the relevant factors, which the trial court failed to consider in its order, we conclude that the trial court's order dismissing only four defendants was improvidently certified as final and therefore dismiss the appeal for lack of subject matter jurisdiction. We note that "[w]here an interlocutory order is not appropriate for Rule 54.02 certification but the trial court desires immediate appellate review of the order, the trial court may grant permission for interlocutory appeal of the order pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure." *Konvalinka*, 2012 WL 1080820, at *3 n.7. However, "permission for the interlocutory appeal must also be granted by the appellate court." *Id.* Alternatively, the parties can appeal as of right once a final and appealable order has been entered. This Court allowed the appellants the opportunity to obtain a final judgment in response to our show cause orders, but they chose to rely on the Rule 54.02 certification instead.

### III. CONCLUSION

For the aforementioned reasons, this appeal is dismissed and this matter is remanded for further proceedings. Costs of this appeal are taxed to the appellants, Terence Roberts

- 11 -

and Temkio Roberts, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE